H. H. LEWIS, SHERIFF OF JACKSON COUNTY, STATE OF FLORIDA, *Plaintiff in Error, v.* NERO NELSON, *Defendant in Error.*

1. While habeas corpus is not a remedy for relief against imprisonment under a warrant that charges a criminal offense defectively or inartificially, yet it may be used as a remedy where the offense charged does not constitute a crime under the laws of the State by reason of the statute under which the charge is made being unconstitutional, or when the charge wholly fails to allege a crime.

2. If a cause may be fully disposed of without adjudicating constitutional questions therein, the courts will generally ignore such questions and dispose of the case on other grounds.

3. A warrant charging that the defendant feloniously devising and intending to injure and defraud A, did by false promise to perform labor for said A, and with intent to injure and defraud said A obtain from said A the sum of Fifteen dollars, lawful money, by then and there falsely promising to begin work for said A on a given day, and to continue work for said A until said sum was repaid in full, which said promises were wholly false and untrue and were known to be false and untrue by the defendant, does not allege an offense under Section 3320 of the General Statutes of 1906.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*E. R. Blow,* for Defendant in error;.

*Park Trammell,* Attorney General, for Plaintiff in Error.

WHITFIELD, C. J.—Nero Nelson procured a writ of habeas corpus from the Judge of the Ninth Judicial Circuit upon allegations that he was unlawfully detained by the Sheriff of Jackson County by virtue of a warrant issued by a Justice of the Peace charging the petitioner with "feloniously devising and intending to injure and defraud the Geneva Lumber Company, a corporation, did by false promise to perform labor for said corporation, and with intent to injure and defraud said corporation, obtain from said corporation the sum of fifteen dollars lawful money, by then and there falsely promising to begin work for said corporation on the 2nd day of June, A. D. 1911, and to continue to work for said corporation until said sum of fifteen dollars was repaid in full; which said promises were wholly false and untrue and were known to be false and untrue by the said Nero Nelson at the time they were made." It was further alleged and contended that the warrant was issued under Section 3320 of the General Statutes, and that said section is unconstitutional by reason of being a provision for imprisonment for debt. The petitioner was discharged and the judge allowed the Sheriff a writ of error under the statute.

It is contended here that the order discharging the prisoner is error because the act is not unconstitutional.

While habeas corpus is not a remedy for relief against

imprisonment under a warrant that charges a criminal offense defectively or inartifically, yet it may be used as a remedy were the offense charged does not constitute a crime under the laws of the State by reason of the statute under which the charge is made being unconstitutional, or when the charge wholly fails to allege a crime. Ex parte Prince, 27 Fla. 196, 9 South. Rep. 659; Ex parte Knight, 52 Fla. 144, 41 South. Rep. 786; Ex parte Bailey, 39 Fla. 734, 23 South. Rep. 552. If a cause may be fully disposed of without adjudicating constitutional questions therein, the courts will generally ignore such questions and dispose of the case on other grounds. Ex parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Pensacola Electric Co. v. Soderlind, 60 Fla. 164, 53 South. Rep. 722.

Section 3320 of the General Statutes provides that "Any person, who by false promises and with the intent to injure or defraud, obtains from another any money or personal property, or any person who has entered into a written contract, with, at the time, intent to defraud, to do or to perform any act or service, and in consideration thereof obtains from the hirer money or other personal property, and who abandons the service of said hirer without just cause, without first repaying such money or paying for such personal property shall be punished by a fine not more than five hundred dollars, or by imprisonment not more than one year."

While this section of the General Statutes, though inartifically drawn, may not violate the provision of the State constitution, which ordains that "No person shall be imprisoned for debt, except in cases of fraud," and may not conflict with the Federal Constitution, even though chapter 5678 Acts of 1907 be in conflict with the Federal Constitution in view of the decision in the case of Bailey v. Alabama, 219 U. S. 219, —— Sup. Ct. Rep. —,

yet this case may properly be disposed of without ad-judicating any constitutional question.

An essential element of the offense defined in the above quoted statute is that the defendant abandoned the service of the hirer without just cause without first repaying the money or paying for the personal property obtained. The warrant on which the defendant is held contains no allegation of abandonment of service, but charges merely that Nero Nelson falsely promised to begin work as alleged. There is no allegation that the money was not repaid or that the labor was not performed as agreed. No offense under the statute is charged in the warrant, and for this reason the judgment of the Circuit Court discharging the defendant from custody is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.