R. A. JACKSON, AS SHERIFF, *Plaintiff in Error*, v. BRUCE NEFF, *Defendant in Error*.

1. The power of the Legislature is unrestricted to impose *ad valorem* taxes by a duly enacted statute where the limitations imposed by the State constitution as to uniform and equal rates and just valuations are observed, and the organic provisions as to due process and equal protection of the laws are not violated.

2. Double taxation may not violate constitutional limitations where uniformity of rates, just valuations and due process are observed and no unjust discriminations are imposed so as to preserve the organic right to equal protection of the laws.

3. The levy of an *ad valorem* tax upon property and also a license or occupation tax upon the use of the same property is not double taxation.

4. A license fee is not a tax within the meaning of the provisions of the organic law requiring uniformity of rates and just valuations of property for purposes of taxation.

5. A license tax may be imposed by the legislature for the use of motor vehicles on the public roads in the State even

though an *ad valorem* tax is paid on such motor vehicles and they are not used for hire or charge, and even though a license tax is not imposed for the use of vehicles of other kinds used upon the roads.

6. The increased license tax imposed upon motor vehicles when used for hire, charter or when charge is made for the use thereof in any manner or form whatsoever, over the tax imposed upon those used by the owner thereof, or without charge, is based upon real and substantial differences in conditions and is amply justified.

7. The title of Chapter 6212, Acts of 1911, is not misleading and is constitutionally sufficient.

8. The provision of the statute that the license *tax* imposed shall be paid "to the tax collector" does not conflict with the mandate of Section 17 of Article V of the constitution that "the county Judge ———— shall issue all licenses required by law to be issued in the county."

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Plaintiff in Error;

*Hilton S. Hampton,* for Defendant in Error.

WHITFIELD, C. J.—On a writ error in *habeas corpus* proceeding, the only question presented for determination is the validity of the following statute of 1911:

"Chapter 6212—(No. 93).

AN ACT to License Automobiles and Other Motor Driven Vehicles Using the Public Roads or Highways in the State of Florida Either for Hire or Otherwise.

*Be it Enacted by the Legislature of the State of Florida*:

Section 1. The owner or operator of every automobile and other motor driven vehicle operating in this State more than fifteen days when used for hire, charter or when charge is made for use thereof in any manner or form whatsoever, shall pay annually to the Tax Collector of the several counties of this State a county license tax as follows:

For any automobile and other motor driven vehicle of less than ten horsepower, five dollars.

From eleven to twenty-nine horsepower, ten dollars.

From thirty to forty horsepower inclusive, twenty dollars.

From forty-one to fifty horsepower inclusive, thirty dollars.

From fifty-one to sixty horsepower inclusive, fifty dollars.

From sixty-one to seventy horsepower inclusive, seventy dollars.

From seventy-one horsepower and over, one hundred dollars.

When any automobile and other motor driven vehicles are used by the owner thereof, or without charge the annual license tax shall be as follows:

For any automobile and other motor driven vehicle of less than ten horsepower, three dollars.

From eleven to twenty-nine horsepower, five dollars.

From thirty to forty horsepower inclusive, ten dollars.

From forty-one to fifty horsepower inclusive, fifteen dollars.

From fifty-one to sixty horsepower inclusive, twenty-five dollars.

From sixty-one to seventy horsepower inclusive, thirty-five dollars.

And seventy-one horsepower and over fifty dollars.

The payment of one such county license tax in the State of Florida shall exempt the owner or operator from the payment of any other such county license tax during the license year. Upon the payment of such county license tax the owner or operator shall be given an appropriately numbered metal tax with the name of the county and the year for which said county license tax is paid indicated thereon whether for hire or owner's use, which said tag shall be kept in plain view on such automobile or other motor driven vehicle. All persons desiring to procure said license as herein provided for shall make application to the County Tax Collector of the several counties upon blank to be furnished by the County Tax Collector showing the essential facts for the procurement of such license, which said metallic tags and blank forms shall be furnished the County Tax Collectors of the several counties by the County Commission of the several counties.

Sec. 2. All monies derived from the payment of such license tax shall be paid into the road and bridge funds of the several counties.

Sec. 3. Any person or persons, firm or association that shall fail to comply with the provisions of this Act shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than double the amount

required for such license or imprisonment not exceeding six months.

Approved June 5, 1911."

The court should not declare a statute to be unenforceable because unconstitutional, unless it clearly appears beyond a reasonable doubt that there is no reasonable basis for it within the lawmaking power of the legislature. State *ex rel.* Gubbins v. Anson, 132 Wis. 461, 112 N. W. Rep. 475.

The taxing power of the legislature has no limitations except those contained in the State and Federal Constitutions.

In the State Constitution are the following provisions:

"Section 1, Art. IX. The legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes."

"Section 5, Art. IX. The legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits. The legislature may also provide for levying a special capitation tax, and a tax on licenses. But the capitation tax shall not exceed one dollar a year and shall be applied exclusively to common school purposes."

"Section 12. Bill of Rights. No person shall be ——

————— deprived of ————————— property without due process of law."

Section 1 of the XIV Amentment to the Federal Constitution provides that "No State shall ———————— deprive any person of ———————— property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Neither the State nor the Federal Constitution contains any express limitations upon the power of the legislature to provide by a duly enacted statute for imposing and collecting a tax on occupations or licenses; but such power should not be so exercised as to deprive any person of property without due process of law, or so as to deny to any person the equal protection of the laws. The statute here applies to all persons who operate automobiles on the public roads of the State. Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834; Keeney v. Comptroller of New York, 222 U. S. 525, 32 Sup. Ct. Rep. 105; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 10 Sup. Ct. Rep. 533; Sawyer v. Gilmore, — Me. —, 83 Atl. Rep. 673; In re Watson, 17 S. Dak. 486, 97 N. W. Rep. 463, 2 Ann. Cas. 321 and notes; Consumers' League of Colorado v. Colorado & S. Ry. Co., — Colo. —, 125 Pac. Rep. 577; Afro-Am. &c. v. State, 61 Fla. 85; Penn. Ind. Ins. Co. v. State, 61 Fla. 376.

The power of the legislature is unrestricted to impose *ad valorem* taxes by a duly enacted statute where the limitations imposed by the State constitution as to uniform and equal rates and just valuations are observed, and the organic provisions as to due process and equal protection of the laws are not violated. Even double taxation may not violate constitutional limitations where uniformity of rates, just valuations and due process are

observed and no unjust discriminations are imposed so as to preserve the organic right to equal protection of the laws.

In imposing license or occupational taxes, the only limitations upon a duly enacted statute are that no person shall be deprived of property without due process of law or denied the equal protection of, the laws. The levy of an ad valorem tax upon property and also a license or occupational tax upon the use of the same property is not double taxation. A license fee is not a tax within the meaning of the provisions of the organic law requiring uniformity of rates and just valuations of property for purposes of taxation. See Cooley on Taxation (3rd ed.) 392; Harder's Fire Proof Storage and Van Co. v. City of Chicago, 235 Ill. 58, 85 N. E. Rep. 245; Ayers v. City of Chicago, 239 Ill. 237, 87 N. E. Rep. 1073; Babbitt on Motor Vehicles, Sec. 90 *et seq.*; Garrett v. Turner, — Pa. St. —, 84 Atl. Rep. 354. The license tax here imposed does not appear to be grossly disproportionate as was held to be the case in Livingston v. City of Paducah, 80 Ky. 656.

Under our law the duty of keeping the public roads in good condition is cast upon the respective counties, and it is clearly within the power of the legislature to require those who use motor vehicles upon the public roads to pay a license tax therefor to be used in keeping the roads in proper condition for convenient use. A license tax may be imposed by the legislature for the use of motor vehicles on the public roads in the State even though an *ad valorem* tax is paid on such motor vehicles and they are not used for hire or charge, and even though a license tax is not imposed for the use of vehicles of other kinds used upon the roads. The State may select the subjects,

of a license tax where there is no arbitrary and unjust discrimination against persons with reference to the subject regulated. The license tax here imposed is manifestly for the privilege of using motor driven vehicles on the public roads in the State, and the tax is applicable alike to all owners or operators of motor driven vehicles, therefore, the power to levy the tax being ample, there is no unjust discrimination between persons under like conditions and circumstances, that denies to any one the equal protection of the laws. The discrimination shown in the increased license tax imposed upon motor vehicles "when used for hire, charter or when charge is made for use thereof in any manner or form whatsoever" over the tax imposed upon those "used by the owner thereof, or without charge" is based upon real and substantial differences in conditions and is amply justified. See Brown-Forman Co. v. Commonwealth of Kentucky, 217 U. S. 563.

The title of the act is not misleading. If the license tax is not included in the word "license" as used in the title, such tax is matter "properly connected" with the subject expressed in the title, and this is sufficient. The provision of the statute that the license *tax* imposed shall be paid "to the tax collector," does not conflict with the mandate of Section 17 of Article V of the Constitution that "the County Judge ——————— shall issue all licenses required by law to be issued in the county."

The petitioner Neff was held under an information charging him with a violation of Chapter 6212 set out above, and he was discharged on a writ of habeas corpus upon the theory that the statute is unconstitutional and consequently unenforceable. As the statute is not uncon-

stitutional, the order discharging the petitioner is reversed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., not participating.