In Re E. E. Robinson.

Opinion Filed May 14, 1917.

1. Habeas Corpus is not a remedy for relief against indictments charging criminal offences defectively or inartificially, though it seems to be a remedy where an indictment charges as an offence an act which, at the time of its commission, the law did not make criminal. In the former case the detention of the accused is not without jurisdiction, though in the latter it is held to be so on the ground that there is no law punishing the act.

2. Where habeas corpus is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the statute under which the charge is made is invalid or that the charge as made is not merely defective in its allegations, but wholly fails to state any offence under the laws of the state.

3. The writ of habeas corpus cannot be used as a substitute for a motion to quash or a writ of error or an appeal.

4. The right to attack an information by the writ of habeas corpus is more limited than is permitted in motions to quash and in arrest, and may avail only when the offence charged does not constitute a crime under the laws of the State, by reasons of the unconstitutionality of the statute invoked or when there is a total failure to allege a crime under any statute; inartificiality in pleading will not avail.

5. Where an information alleges that the defendant being the owner of an automobile did use and operate the same in this state and county more than fifteen days without paying the licence tax required by law, under the statute requiring a licence tax of the owner "operating" an automobile in this State, and making it a misdemeanor for failure to comply with the Statute, if the information is defective because it does not allege that the defendant's automobile was operated upon the public highways of the county, such defect would not render a proper conviction under it illegal or void even though it may be erroneous. An erroneous judgment of conviction may be reversed on writ of error.

*Ellis, J.,* dissenting.

*W. T. Stockton, Thomas B. Adams* and *Richard P. Daniel,* for Petitioner;

*Fred. W. Butler,* contra.

WHITFIELD, J.—The following petition was presented to this court:

"Your petitioner, E. E. Robinson, of Jacksonville, Duval County, Florida, complaining says that he is unjustly and unlawfully imprisoned and restrained of his liberty by W. H. Dowling, Sheriff of Duval County, State of Florida, by virtue of a certain Capias ad Respondendum issued out of the Criminal Court of Record of Duval County, Florida, a copy of which said Capias, marked Exhibit 'A,' is hereto attached and made a part hereof.

"Your petitioner would further show that the said Capias was issued upon an information filed in said Criminal Court of Record by F. W. Butler, the County Solicitor of said County, a copy of which said information is hereto attached, marked Exhibit 'B' and made a part hereof.

"Your petitioner would further show that his said imprisonment and restraint as aforesaid are 'unlawful for the following reasons, to-wit:

"1.  Said Information does nòt charge any offense against your petitioner known to the Laws of the State of Florida.

"2.  Said Information as framed is vague, indefinite and uncertain.

"3.  Said Information does not show that this defendant used or operated any automobile upon the public roads or highways of said State.

"4.  It does not appear by said Information for what year this defendant failed to pay the alleged county license tax.

"5.  It does not appear by said Information what was the seating capacity of the alleged automobile or what was the license tax required therefor.

"6.  It does not appear from said Information when the alleged fifteen days' operation took place and obviously such fifteen days' operation could not have occurred on the day alleged in said Information.

"7.  Said Information does not negative the procuring of a license for the alleged automobile in some other county of said State.

"8.  Chapter 6881 Laws of Florida, 1915, upon which said Information is based, is vague, and indefinite in that it does not specify when the license tax therein

provided for shall be due and payable or when the same shall be regarded in default for the purposes of a criminal prosecution.

"9.   It is not provided by said Act or by any other statute of the State of Florida that the owner of a privately used automobile shall first pay a license tax thereon as a condition precedent to the use thereof.

"10.   There is no prohibition contained in said Act or any other statute of the State of Florida against the use of a privately used automobile having procured a license therefor.

"11.   The said Act is also vague and indefinite and insufficient to support the said criminal prosecution, in that it does not specifically provide that the owner of a motor driven vehicle used without charge shall pay a license tax thereon, and such requirement can only be arrived at, if at all, by inference, which is insufficient to support such criminal prosecution. .

"12.   The said Act is also vague and indefinite, in that it does not specifically designate to which tax collector of the State of Florida a resident of Duval County using an automobile without charge shall pay the license tax specified in said Act, nor does said Act in such a case indicate or specify which tax collector of the State of Florida would have the right by civil process, or otherwise, to collect such license tax.

"13.   The title of said Act limits the requirements of a license for an automobile or other motor vehicle to such motor vehicles as are used upon the public roads or highways of the State of Florida, for which reason the body of said Act can be no broader in its application than said title and the said prosecution cannot be maintained without alleging and proving that the automobile mentioned

in said Information was used or operated upon the public roads or highways of said State.

"14.    That the said Act is otherwise too vague, indefinite and uncertain to sustain said criminal prosecution brought against your petitioner.

"Your petitioner would further show that something over one thousand similar prosecutions have been brought by said County Solicitor against citizens of Duval County, and the said prosecutions are now pending in the Criminal Court of Record of said County.    That a similar prosecution was brought against one Joseph H. Phillips, copy of the capias and information issued and filed against the said Phillips being hereto attached and marked respectively 'C' and 'D' and made a part hereof. That on April 14th, 1917, the said Joseph H. Phillips applied to one of the Judges of the Fourth Judicial Circuit in and for Duval County, Florida, for Writ of Habeas Corpus setting forth the objections similar to those hereinbefore pointed out. ` That after hearing the argument and considering the petition of the said Joseph H. Phillips and the sheriff's return thereto, the Judge of said Circuit Court did remand the said Joseph H. Phillips to the custody of said sheriff.    That the matter involved in this petition is of great public importance not only to citizens of Duval County charged as aforesaid, but of wide interest to citizens throughout the State of Florida.    That on account of the adverse ruling of said Circuit Judge your petitioner is without remedy in the premises save by application to this Honorable Court."

The information referred to as Exhibit "B" is as follows:

"In the Criminal Court of Record, of the County of

Duval and State of Florida, February Term in the year of our Lord one thousand nine hundred and seventeen.

"State of Florida
                  vs.
"E. E. Robinson.

"Information for Non-payment Automobile License.

"In the Name and by the Authority of the State of of Florida:

"Frederick W. Butler, County Solicitor for the County of Duval, prosecuting for the State of Florida in the said County, under oath, information makes that E. E. Robinson of the County of Duval and State of Florida, on the 2nd day of April in the year of our Lord, one thousand nine hundred and seventeen in the County and State aforesaid, being the owner of a certain automobile and other motor driven vehicle, did use and operate the same in said State and County more than fifteen days; without paying the county License Tax required by law; said automobile and motor driven vehicle not being used and operated for hire and charge."

A writ of *habeas corpus* was issued by the Chief-Justice of this Court and the following return was made:

"Comes now W. H. Dowling, Sheriff of Duval County, Florida, and waives the service upon him for writ of Habeas Corpus in the above entitled cause issued or to be issued upon the petition of said E. E. Robinson, and for return thereto says: that he does have in his custody, as such Sheriff, the petitioner E. E. Robinson, and that he holds the said E. E. Robinson by virtue of a certain capias issued out of the Criminal Court of Record in and for Duval County, Florida, copy of which said capias is attached to said petition and marked Exhibit 'A' thereto.

"And for further return says that the said capias was

issued upon an Information filed by the County Solicitor of said Duval County against the said petitioner, copy of which said Information is attached to the said petition and marked Exhibit 'B' thereto; that the said proceeding, including said capias and said information, constitutes the warrant and authority under and by which the undersigned, as Sheriff as aforesaid, holds and restrains the said petitioner of his liberty.

"And this respondent making further return to said Writ prays that the said petitioner may be remanded to his custody as such sheriff."

Chapter 6881 Acts of 1915, is as follows:

"An Act to Amend Chapter 6212 of the Acts of the Legislature of 1911, Same Being Entitled 'An Act to License Automobiles and Other Motor Driven Vehicles Using the Public Roads or Highways in the State of Flordia, Either for Hire or Otherwise.'

"*Be it Enacted by the Legislature of the State of Florida*:

"That Chapter 6212 of the Laws of Florida, Acts of the Legislature of 1911, entitled 'An Act to License automobiles and other motor driven vehicles using the public roads or highways in the State of Florida either for hire or otherwise' be and the same is hereby amended to read as follows:

"Sec. 1. The ower or operator of every automobile and other motor driven vehicle operating in this State more than fifteen days when used for hire, charter, or when charge is made for use thereof in any manner or form whatsoever, shall pay annually to the tax collector of the several counties of this State a county license tax as follows:

"For any automobile and other motor-driven vehicle with a seating capacity of—

"One and not more than two persons, ten dollars.

"Three and not more than five persons, twenty dollars.

"Six and not more than ten persons, thirty dollars.

"Eleven and not more than twenty persons, forty dollars.

"Twenty-one or more persons, sixty dollars.

"Auto Trucks of one thousand pounds capacity or less, fifteen dollars.

"Auto trucks of more than one thousand pounds capacity, and not more than two thousand pounds capacity, thirty dollars.

"Auto Trucks of more than two thousand pounds capacity and not more than three thousand pounds capacity, forty dollars.

"Auto Trucks of more than three thousand pounds capacity and not more than five thousand pounds capacity, fifty dollars.

"Auto trucks of more than five thousand pounds capacity, sixty dollars.

"When any automobile and other motor-driven vehicles are used by the owner thereof, are without charge, the annual license tax will be as follows:

"For any automobile and other motor-driven vehicle with a seating capacity —

"Of one and not more than two persons, three dollars.

"Of three and not more than five persons, five dollars.

"Of six and not more than ten persons, ten dollars.

"Of eleven and not more than twenty persons, fifteen dollars.

"Of twenty-one or more persons, twenty-five dollars.

"Auto Trucks of one thousand pounds capacity or less, ten dollars.

"Auto Trucks of more than one thousand pounds capacity and not more than two thousand pounds capacity, twenty dollars.

"Auto Trucks of more than two thousand pounds capacity and not more than three thousand pounds capacity, thirty dollars.

"Auto Trucks of more than three thousand pounds capacity and not more than five thousand pounds capacity, forty dollars.

"Auto Trucks of more than five thousand pounds capacity, fifty dollars.

"All motor cycles shall pay a license tax of two dollars.

"The payment of one such county license tax in the State of Florida shall exempt the owner or operator from the payment of any other such county or State license tax during the license year. Upon the payment of such county license tax the owner or operator shall be given an appropriately numbered metal tag with the name of the county and the year for which said county license tax is paid indicated thereon whether for hire or owner's use, which said tag shall be kept in plain view on such automobile or other motor driven vehicle. All persons desiring to procure said license as herein provided for shall make application to the County Tax Collector of the several counties upon blank to be furnished by the County Tax Collector showing the essential facts for the procurement of such license, which said metallic tags and blank forms shall be furnished the County Tax Collectors of the several counties by the County Commission of the several counties.

"Sec. 2.   All monies derived from the payment of such license tax shall be paid into the road and bridge funds of the several counties.

"Sec. 3.   Any person or persons, firm or association that shall fail to comply with the provisions of this Act shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than double the amount required for such license or imprisonment not exceeding six months.

"Sec. 4.   This Act shall take effect on October first, 1915.   Approved June 4, 1915."

The original Act of 1911, was held to be constitutional in Jackson v. Neff, 64 Fla. 326, 60 South. Rep. 350.

The language and purpose of the statute clearly require the payment of the license tax before an automobile is operated on the public highways more than fifteen days, and the failure to make such payment is made a public offense.

*Habeas corpus* is not a remedy for relief against indictments charging criminal offenses defectively or inartificially, though it seems to be a remedy where an indictment charges as an offense an act which, at the time of its commission, the law did not make criminal.   In the former case the detention of the accused is not without jurisdiction, though in the latter it is held to be so on the ground that there is no law punishing the act.   Ex parte Prince, 27 Fla. 196, 9 South. Rep. 659.

Where habeas corpus is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the statute under which the charge is made is invalid or that the charge as made is not merely defective in its allegations, but wholly fails to state any offense under the laws of the State.   The writ

of habeas corpus cannot be used as a substitute for a motion to quash or a writ of error or an appeal.  See Mooneyham v. Bowles, 72 Fla. 259, 72 South. Rep. 931; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834; Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150; McGriff v. State, 66 Fla. 335, 63 South. Rep. 725; Ex parte Bowen, 25 Fla. 214, 6 South. Rep. 65; In re Coy, 127 U. S. 731, 8 Sup. Ct. Rep. 1263.  Some authorities hold that where an essential ingredient of an offense intended to be charged is omitted from the indictment, the writ of habeas corpus is the proper remedy for relief from imprisonment under it; but the true rule seems to be that it is only where the facts stated in the indictment are not and cannot be so stated as to charge an offense that the prisoner may be discharged, and where the matters are of such a character that the indictment, though defective for lack of a statement of an essential ingredient of the offense, may be perfected into a sufficient accusation of crime, the prisoner should be held to abide the judgment or order of the court.  Bergemann v. Backer, 157 U. S. 655, 15 Sup. Ct. Rep. 727; Ex parte Prince, 27 Fla. 196, 9 South. Rep. 659; United States v. Davis, 18 App. Cas. (D. C.) 280; 15 Am. & Eng. Ency. Law (2nd Ed.) 164.

Where an indictment, information or complaint, though inartificially drawn, shows an evident attempt to state the essential facts which constitute the crime sought to be charged, a defect in the statement will not warrant the discharge of the defendant on *habeas corpus*.  To hold otherwise would be not only to adapt the writ to the ordinary uses of a proceeding in error, but to warrant, by its means, intolerable interference with the ordinary and regular process of criminal prosecutions, and to substitute the writ for a demurrer or motion to quash, which the law

will not permit. The enquiry in such case is not whether there is in the indictment such specific allegations of the details of the charge as would make it good on demurrer or motion to quash, but whether the indictment describes a class of offenses of which the court has jurisdiction, and alleges the defendant to be guilty. If, however, an indictment, information or complaint is void, a trial thereon is also void and the prisoner is entitled to be discharged on *habeas corpus*. 12 R. C. L. pp. 1202-3. Note to Cribbs v. Kynoch, 11 Ann. Cas. 104; In re Coy, 127 U. S. 731, 8 Sup. Ct. Rep. 1263; State *ex rel.* Gardner v. Shrader, 73 Neb. 618, 103 N. W. Rep. 276, 119 Am. St. Rep. 913.

The right to attack an information by the writ of *habeas corpus* is more limited than is permitted in motions to quash and in arrest, and may avail only when the offense charged does not constitute a crime under the laws of the State, by reason of the unconstitutionality of the statute invoked or when there is a total failure to allege a crime under any statute; inartificiality in pleading will not avail. Jackson v. State, 71 Fla. 342, 71 South. Rep. 332.

In Thorp v. Smith, 64 Fla. 154, 59 South. Rep. 193, a judgment of the Circuit Court remanding the petitioners was reversed because the indictment alleged the offense to have been committed before the statute defining the offense became effective to make the act a crime.

In Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436, the *Circuit Judge* in whose court the charge was to be tried discharged the person held in custody and as "no offense under the statute was charged in the warrant," under which the petitioner was held, the judgment discharging the accused was affirmed. In presenting the

matter to the trial court by habeas corpus rather than by
motion to quash the procedure did not affect his jurisdic-
tion and gave finality to the judgment for a writ of er-
ror.    Here the writ is *from this court* and the trial court
has not passed on the sufficiency of the information which
is in the language of the statute, though not in the lan-
guage of the title to the statute; and the information indi-
cates the nature and cause of the accusation and cannot
mislead or embarrass the accused in making his defense.
Sections 3961, 3962, Gen. Stats. 1906; Barineau v. State,
71 Fla. 598, 72 South. Rep. 179; Strobhar v. State, 55
Fla. 167, 47 South. Rep. 4.

The information alleges that the petitioner being the
owner of a certain automobile did use and operate the
same in the said State and county more than fifteen days
without paying the county license required by law.    The
statute requires "the owner of every automobile * * *
operating in this State more than fifteen days" to pay a
stated license tax.    The information clearly indicates
the use and operation of the automobile in the manner
contemplated by the statute and the defendant is obvi-
ously apprised of "the nature and cause of the accusation
against him," as is required by section 11 Declaration of
Rights of the State Constitution.    See Brass v. State, 45
Fla. 1, 34 South. Rep. 307; Ladson v. State, 56 Fla. 54,
47 South. Rep. 517; Clark v. State, 59 Fla. 9, 52 South.
Rep. 518; Taylor v. State, 67 Fla. 127, 64 South. Rep.
454; Johnson v. State, 58 Fla. 68, 50 South. Rep. 529;
Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Robinson
v. State, 69 Fla. 521, 68 South. Rep. 649.

The meaning and legal import of the information ap-
pear to be clear and certain.    The gravamen of the offense
is the operation of an automobile without paying the li-

cense tax required by law. Under the allegation of operation without paying the license required by law, the circumstances of such operation may be shown.

In Ex parte Bailey, 39 Fla. 734, 23 South. Rep. 552, the charge was not covered by any provision of the statute. Ex parte Knight, 52 Fla. 143, 42 South. Rep. 714 (unconstitutional statute) ; Ex parte Hays, 25 Fla. 279, 6 South. Rep. 64. In the latter case a jurisdictional fact was not alleged in a special statutory proceeding.

In this case the statute authorizes a criminal prosecution for failure to pay the required license tax for, operating an automobile on the public roads, and the information manifestly is brought under the statute. If the information is defective because it does not allege that the defendant's automobile was operated upon the public highways of the county, such defect would not render a proper conviction under it illegal or void even though it may be erroneous. The defect in the information if regarded as material may be reached by motion to quash and the ruling on such motion may be reviewed on writ of error after conviction. As the statute is valid and the information does not wholly fail to charge the commission of an offense under the statute, the writ of *habeas corpus* is not applicable and the petitioner should be remanded. Other criticisms of the information and the statute are not material in this proceeding as they do not render the prosecution void or illegal, or affect the jurisdiction of the court.

The petitioner will be remanded.

TAYLOR and SHACKLEFORD, JJ., concur.

BROWNE, C. J., and ELLIS, J., dissent.

BROWNE C. J., (*dissenting*).—The decision in this case is predicated on the doctrine of Ex Parte Prince, 27 Fla. 196, 9 South. Rep. 659, that "Habeas Corpus is not a remedy for relief against indictments charging criminal offenses defectively or inartificially." I quite agree with this proposition, but I cannot see wherein the offense is charged "defectively or inartificially." On the contrary, if "being the owner of an automobile and other motor driven vehicle, and using and operating same in the County of Duval and State of Florida more than fifteen days, without paying the county license tax required by law, the automobile and other motor driven vehicle not being used and operated for hire and charge," as alleged in the information, is a criminal offense under the laws of Florida, the information states it clearly and unequivocally, and not "defectively or inartificially." The offense so charged is not an offense under the laws of Florida, and the information "wholly fails to allege a crime." It is no offense under the laws of Florida for the owner of an automobile or other motor driven vehicle to use or operate the same in Duval County, Florida, more than fifteen days without paying a license; but only when he uses it upon the "public roads or highways in the State." As long as he uses or operates same on a private road, or on private lands, he is not required to obtain a license, and he is not guilty of any offense known to the laws of Florida. Thus, the owner of property bounded by the waters of the ocean, may operate automobiles or other motor driven vehicles not for hire, on the beach in front of or on his property, without paying a license.

The *facts* stated in this information "are not and cannot be so stated as to charge an offense." The most in-

genious. rhetorical, legal, or literary statement of all the facts contained in this information will not and cannot state an offense known to the laws of Florida.

I cannot concur in the doctrine laid down in this case, ·that "where the matters are of such a character that the indictment, though defective for lack of a statement of an essential ingredient of the offense, may be perfected into a sufficient accusation of crime, the prisoner should be held to abide the judgment or order of the court." It is true that this proposition is found in an article in 15 Am. & Eng. Ency. Law (2nd Ed.) 164, written by one Charles Porterfield, and the authorities given in support thereof are cited in this opinion, but an examination of them discloses that they do not support the doctrine. If one "essential ingredient of an offense" may be omitted from an indictment, several, or all such ingredients may likewise be omitted, and the only question then which a court would have to decide when such an indictment is attacked on *habeas corpus* would be whether an information which wholly fails to allege an offense could by redrafting be made to state one. 'This is the irresistible logic of the proposition laid down in this case, and if this is the law, it reverses the doctrine heretofore enunciated by this court in Ex Parte Prince, 27 Fla. 196, 9 South. Rep. 659, and in Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436, that an indictment which wholly fails to allege a crime, may be successfully attacked by *habeas corpus*.

There is a marked difference between the title and the body of the act the defendant is charged with having violated. The title reads: "An Act to Amend Chapter 6212 of the Acts of the Legislature of 1911, Same Being Entitled 'An Act to License Automobiles and Other

Motor Driven Vehicles Using the Public Roads or Highways in the State of Florida, Either for Hire or Otherwise.' "

Section 1 reads: "The owner or operator of every automobile and other motor driven vehicle operating in this State more than fifteen days when used for hire, charter, or when charge is made for use therof in any manner or form whatsoever, shall pay annually to the Tax Collector of the several counties of this State a county license tax as follows:"

The title restricts the power to license automobiles and other motor driven vehicles to those "using the public roads or highways," while Section 1 broadens the power so as to include every use to which an automobile or motor driven vehicle may be put, including its use on roads on private estates and farms. The title is very limited—the act is very much broader. The title limits the provisions of the statute to a particular class, the act broadens them to include all classes. Shortly after its passage its constitutionality was challenged, but it was upheld in the case of Jackson v. Neff, 64 Fla. 326, 60 South. Rep. 350. It does not appear that the act was challenged on the ground that the act was broader than its title. The only theory upon which its constitutionality upon this ground could be sustained, is that the title being a part of the act, the words of limitation in the title—"using the public roads or highways"—are a part of, and included in Section 1. If this is so—and it must be so, if the act is constitutional, I fail to see that this information charges the offense in "substantially the language of the statute." If we so hold, we willl be led into the contradictory attitude of saying in the one case, that the act is constitutional because the words "using the public

roads or highways" are part of the language of the statute, and in the other, that this information is good, because it charges the offense in the words of the statute, notwithstanding the words "using the public roads or highways" are not found therein.   In effect we would say, "They are in the statute for the purpose of declaring it constitutional, but they are not in it for the purpose of declaring this information good."

In the case of Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436, the prisoner was held only by virtue of a warrant issued by a justice of the peace.   No indictment or information had been filed against him.   The charge was that he, "feloniously devising and intending to injure and defraud the Geneva Lumber Company, a corporation, did by false promise to perform labor for said corporation, and with intent to injure and defraud said corporation, obtain from said corporation the sum of fifteen dollars lawful money, by then and there falsely promising to begin work for said corporation on the 2nd day of June, A. D. 1911, and to continue to work for said corporation until said sum of fifteen dollars was repaid in full; which said promises were wholly false and untrue and were known to be false and untrue by the said Nero Nelson at the time they were made." The warrant did not charge that he "abandoned the service of the hirer without just cause without first repaying the money or paying for the personal property obtained."   Mr. Justice WHITFIELD, who delivered the opinion of the court, said this was "an essential element of the offense, and by reason of its omission from the warrant, there was no offense charged."   The warrant in that case was as susceptible of being perfected into a sufficient accusation of crime, as the information in the instant case.   In each, an "essential element" of the offense was omitted.   In the one, it was

held fatally defective, and that *habeas corpus* would lie. In the instant case, the omission of an "essential element" of the offense is said not to be fatally defective, and that *habeas corpus* will not lie.

The reasoning in this case applies with full force to the warrant which was held to be fatally defective in Lewis v. Nelson case, and I cannot see how the conclusion reached in these cases can be reconciled.

The true test of the sufficiency of an indictment is, if the accused had done all things charged and yet be guiltless, the indictment is fatally bad. The principle involved in this case is not new, but its application to automobiles is comparatively recent. Berry in his work on Automobiles (2nd Ed) p. 976, says: "Where an offense consists of the violation of 'an act governing the use of automobiles upon the public highways,' an indictment omitting to aver that the defendant used or operated his automobile upon a public highway, charged no offense."

In the case of State v. Hall, 64 Wash. 99, 116 Pac. Rep. 593, the defendant was convicted under a statute which provided that "Every person who shall drive or operate * * * any automobile or motor vehicle * * * upon any public road, highway, park or parkway, street or avenue, at any unsafe or unreasonable rate of speed, having proper regard to the safety of any other person or persons using the same, shall be guilty of a misdemeanor." The court in its decision said: "It will be observed that the respondent is not charged with driving the automobile at an unlawful speed upon any public road, highway, park, or parkway, street, or avenue, but the information charges him only with so driving in Marysville, in Snohomish county, State of Washington. Subdivision 3, Sec. 2531, provides that such person shall not drive his

automobile at any other place than the place mentioned at a rate of speed faster than one mile in 2½ minutes. This would be at the rate of 24 miles an hour. So that there is a place where the automobile could be driven at a faster rate of speed than the rate mentioned in the information, without violating the law. The place where this driving was done may have been in a private inclosure, and if so, the rate of 20 miles an hour would have been a lawful rate.

"It is true that pleadings in a justice court should be very liberally construed. At the same time there must be a crime charged, and, if the information shows on its face that the defendant might have done the thing or things charged in the information and yet have been guiltless of a crime, he ought not to be put upon his trial."

In Ex Parte Worthington, 21 Cal. App. 497, 132 Pac. Rep 82, the court thus lays down the rule: "An indictment for violation of an act, entitled, 'An Act governing the use of automobiles on public highways" not averring that the defendant used or operated his automobile upon a public highway, failed to charge an offense." This, like the instant case, was for violation of a law which provided among other things for automobile licenses, and the sufficiency of the indictment was tested by *Habeas Corpus*.

As there are places where a motor driven vehicle may be operated without the payment of a license, to-wit, on private roads, in and about farms and in doing farm work, or on ocean beaches, the place where such vehicles were operated is an "essential element of the offense, and by reason of its omission from the 'information' there was no offense charged." On the authority of Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436, the very language

of which I quote in this sentence, I think the prayer of the writ should have been granted and the prisoner discharged.

ELLIS, J. (*dissenting.*)—The petitioner was arrested, imprisoned and restrained of his liberty, by the Sheriff of Duval County acting under a warrant which issued out of the Criminal Court of Record for that county, upon an information filed in that court by the County Solicitor, which contained the following allegation: That E. E. Robinson of the County of Duval and State of Florida on the 2nd day of April, 1917, in the county and State aforesaid, "being the owner of a certain automobile and other motor driven vehicle, did use and operate the same in said State and county more than fifteen days, without paying the county license tax required by law, said automobile and motor driven vehicle not being used and operated for hire.and charge," contrary to the form of the statute, etc.   The petitioner applies to this court for discharge upon a writ of *habeas corpus* on the grounds, among others, that the information does not charge any offense against him known to the laws of this State; that the information does not charge the petitioner with operating the automobile upon the public roads or highways of the State; and that the title of Chapter 6881 Laws of Florida, 1915, upon which the information is based, limits the requirements of a license for an automobile or other motor vehicle to such vehicles as are used upon the public roads or highways of the State.

It is the view of the majority of this court as expressed by Mr. Justice WHITFIELD, that the petitioner should be remanded.   With that view I am unable to agree, and as the matter involves a right so sacred as the personal liberty of a citizen, I think it is proper to submit the reason

which moves me to a conclusion different from that reached by the majority.

It is not denied that in this jurisdiction *habeas corpus* will lie for the discharge of one who is imprisoned for an act which does not constitute any offense known to the law. See Ex parte Hays, 25 Fla. 279, 6 South. Rep. 64; Ex parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Ex parte Prince, 27 Fla. 196, 9 South. Rep. 659; Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436. It is true that a writ of *habeas corpus* cannot be used as a substitute for a demurrer, a motion to quash, a writ of error or an appeal or certiorari, as was said in Mooneyham v. Bowles, 72 Fla. 259, 72 South. Rep. 931. See also the authorities therein cited. ; But it does not follow that because a question may be presented by demurrer or a motion to quash or upon a writ of error, that *habeas corpus* will not also lie. If one is indicted and even tried and convicted of an offense denounced by an unconstitutional statute, the conviction is not merely erroneous and may be reversed on writ of error, but is illegal and void, and cannot be a legal cause of imprisonment. In such case *habeas corpus* would lie. See Ex parte Knight, 52 Fla. 144, 41 South. Rep. 786. One may be committed upon a trial for conduct which in law constitutes no offense; in such case although a motion to quash the information, or arrest of judgment would lie, yet not since Bushnell's Case, 6 Howell's State Trials, 999, decided in 1670, has it been denied that *habeas corpus* would lie for his release. It is stated in Bacon's Abridgment: "If the commitment be against law, as being made by one who had no jurisdiction of the cause, or for a matter for which by law no man ought to be punished, the courts are to discharge." The latter part of this rule, said Mr. Justice

96

BRADLEY of the Supreme Court of the United States in Ex parte Siebold, 100 U. S. 371, "when applied to imprisonment under conviction and sentence is confined to cases of clear and manifest want of criminality in the matter charged such as in effect to render the proceedings void."

In Ex parte Prince, *supra*, Mr. Chief Justice RANEY speaking for the court and citing the cases of Ex parte Kearney, 55 Cal. 212; In re Buell, 3 Dillon, 116, said: "It is unnecessary to say more of these cases than that they are founded upon the theory that an indictment alleging as a criminal offense that which is not made so by the law obtaining at the time the act was done, confers no jurisdiction to hear and to determine, and that a detention of the person under such circumstances may be relieved against by this writ as one without jurisdiction; that if there is no law punishing the act, there can be no jurisdiction to detain or try. 2 Hale's P. C. 144; Bac. Abr., *habeas corpus.*" In that case the court pointed out, however, that the doctrine announced should not be confounded with, nor be permitted to invade the rule that the writ of *habeas corpus* is not the proper remedy for relief against "defective indictments for acts which are offenses under criminal laws." It is conceded that errors and irregularities not jurisdictional will not be examined or inquired into on *habeas corpus,* but questions affecting the jurisdiction of the court may be inquired into in such a proceeding. It is this distinction which the majority opinion seems not to regard. If the information charges the petitioner with acts which are not punishable as a public offense there was no jurisdiction to detain and none to try him. The allegations of the indictment or information determine the jurisdiction of the court. If there is no criminality in the act charged there is no jurisdiction

to detain the petitioner.   It is utterly immaterial that this question may be presented by demurrer, motion to quash or in arrest of judgment, or may be presented on writ of error.   The petitioner is entitled to his liberty and of course may have the writ for that purpose, if the act with which. he is charged constitutes no offense against the State.   The act of the legislature upon which the information rests imposes a license tax upon the owner of an automobile or other motor driven vehicle who has used the same for fifteen days upon the public roads or highways in the State of Florida.   See Jackson v. Neff, 64 Fla. 326, 60 South. Rep. 350, in which this court, speaking through Mr. Justice WHITFIELD, said:   "The license tax here imposed is manifestly for the privilege of using motor driven vehicles on the public roads in this State." The failure to pay the tax is made a misdemeanor.

If to charge that one used and operated an automobile in this State for fifteen days without paying the license tax is equivalent to an allegation that he used it upon the public roads and highways for that time, then the information charges an offense, the jurisdiction of the court exists and the petitioner should be remanded to custody. But if use of the vehicle upon the public highway is a necessary element in the offense of failing to pay the license tax by the owner or operator and is not necessarily implied in the words use and operation, or "did use and operate," then it is equally clear that the information charges no offense.   The body of the Act, Chapter 6881, Laws of Florida, 1915, does not contain the words public roads and highways in requiring the payment by owners and operators of automobiles of a license tax, but the title of the act limits the imposition of the license tax upon motor driven vehicles using the public roads or

highways. So that, if the title of the act was not a part of it, the act would be subject to the criticism that it was broader than the title, because it is conceivable that one may be the owner of an automobile and use it in this State for fifteen days without using it upon the public highway.

This is not a case of an attempt to charge a crime as the majority opinion assumes, nor is it a question of a lack of certainty or other defect in the statement of the facts averred to constitute a crime, but it is a case of failure to charge facts constituting an offense. It is no answer that the petitioner has an intimation from the document under consideration that the State is trying to punish him for using his automobile on the highway without paying the license, he has the right to demand the nature and cause of the accusation against him, and so far as this statute is concerned is entitled to his liberty until he is charged with the offense of using his automobile upon the public highways for fifteen days without paying the license tax required by the act.