FRANK J. McLEOD v. HON. H. L. SEBRING, Judge, Circuit Court, Eighth Judicial Circuit, Alachua County.

173 So. 153.

Opinion Filed March 11, 1937.

*Scruggs & Sobol* and *Zach H. Douglas,* for Plaintiff;

*Cary D. Landis,* Attorney General, *H. E. Carter* and *John L. Graham,* Assistant Attorneys General, *J. C. Adkins,* State Attorney, and *Cody Fowler,* for Defendant.

BUFORD, J.—This is a proceeding in Prohibition, the purpose of which is to prohibit the Circuit Court of Alachua

County from proceeding in the prosecution of a cause there pending.

The Relator was informed against in the Circuit Court of Alachua County, Florida. The Information charges:

"That Frank J. McLeod of the County of Alachua and State of Florida, on the 22nd day of October, in the year of our Lord one thousand nine hundred and thirty-six in the County of Alachua and State of Florida, did unlawfully sell intoxicating liquor, to-wit: whiskey, which said county had theretofore voted against the sale of such liquor."

The Information is challenged upon the ground that the Circuit Court has no jurisdiction of the offense charged in that the provisions of Section 13 of Chapter 16774, Acts of 1935, are unlawfully included within that Act because such provisions constitute matter not expressed in the title of the Act and not properly connected with matters expressed in the title of the Act, as is required by Section 16, Article III, of the State Constitution.

The Relator has suggested four (4) questions, but we think that the gist of all the questions is embraced in the one question as to whether or not the provisions of Section 13 are within the purview of the title of the Act. The title is as follows:

"AN ACT Regulating and Taxing the Manufacture, Distribution and Sale of Beverages Containing More Than One Per Centum of Alcohol, Creating and Providing for a State Beverage Department, Providing Penalties for the Violation of this Act and Repealing Existing Laws Concerning Said Beverages."

Section 5 of the Act provides, in part, as follows:

"On and after October 1, 1935, the following license

taxes shall be assessed and collected. Each vendor shall pay an annual State license tax as follows:

"I. Vendors who may sell only beverages containing alcohol of more than 1 per cent. by weight and not more than 3.2 per cent. by weight, in counties where the sale of intoxicating liquors, wines and beers is prohibited.................$15.00.

"II. Vendors who may sell only beverages containing alcohol of more than 1 per cent. by weight and not more than 14 per cent. by weight, and wines regardless of alcoholic content, in counties where the sale of intoxicating liquors, wines and beers is permitted.........................$15.00.

"The following license taxes shall apply to vendors who sell in counties where the sale of intoxicating liquors, wines and beers is permitted and who are permitted to sell any such beverages regardless of alcoholic content:

"III. Vendors operating places of business where beverages are sold only in sealed containers for consumption off the premises where sold, an amount equal to 75% of the amount of the license tax herein provided for vendors in the same county operating places of business where consumption on the premises is permitted.

"IV. Vendors operating places of business where consumption on the premises is permitted in counties having a population of over 100,000 according to the latest State or Federal Census.................................................................$750.00.

"V. Vendors operating places of business where consumption on the premises is permitted in counties having a population of over 60,000 and not over 100,000, according to the latest State or Federal Census.........................$600.00

"VI. Vendors operating places of business where consumption on the premises is permitted in countries having a population of over 40,000 and not over 60,000, according to the latest State or Federal Census.........................$500.00.

"VII.   Vendors operating places of business where consumption on the premises is permitted in counties having a population of over 10,000 and not over 40,000, according to the latest State or Federal Census............................$300.00.

"VII½.   Vendors operating places of business where consumption on the premises is permitted in counties having a population of 10,000 or less, according to the latest State or Federal Census............................$200.00."

Section 13 of the Act is as follows:

"Section 13.   All liquors, wines and beers containing more than 3.2 per cent. of alcohol by weight shall be deemed and held to be intoxicating liquors, wines and beers.   The sales of such intoxicating liquors, wines and beers in counties where their sale is prohibited shall be a violation of this Act.   All persons convicted of such violation shall be punished as herein provided."

Section 15 of the Act provides as follows:

"Any person violating any other provisions of this Act shall be guilty of a misdemeanor and shall upon conviction be punished by imprisonment in the county jail for not more than six months or by a fine or not more than $1,000.00, or by both such fine and imprisonment."

And so it is, by the provisions of the Act, a violation of Section 13 is punishable by imprisonment in the county jail not more than six months or by fine not more than $1,000.00 or by both such fine and imprisonment.

The Circuit Court in counties where there is no Criminal Court of Record has jurisdiction of misdemeanors punishable by fine of more than $500.00.

So, if the provisions of Section 13 are within the purview of the title of the Act then the Circuit Court has jurisdiction.

The Court takes judicial cognizance of a fact which is generally known, and therefore a matter of common knowledge, that whiskey is a distilled beverage containing more than 3.2 per cent. of alcohol by weight.

The title of the Act conveys the information that the Act is one "regulating and taxing the manufacture, distribution and sale of beverages containing more than 1 per centum alcohol * * * providing penalties for the violation of the Act * * *."

Section 5 of the Act provides for licenses to be issued authorizing beverages containing alcohol of more than one per cent. by weight and not more than 3.2 per cent. by weight in counties where the sale of intoxicating liquors, wines and beers is prohibited; and it also provides for license taxes applying to counties where the sale of intoxicating liquors is permitted regardless of the alcoholic content.

So it appears to us clearly that Section 13 is a regulation allowing the sale of liquors containing not more than 3.2 of alcohol by weight, while prohibiting the sale of liquors for beverage purposes containing more than 3.2 per cent. of alcohol by weight. All this constitutes the regulation of the sale of beverages containing more than 1 per cent. of alcohol and, therefore, is clearly within the purview of the title of the Act.

For the reasons stated, the motion to quash the rule *nisi* should be granted and it is so ordered.

WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.

ELLIS, C. J., dissents.

ELLIS, C. J. (dissenting).—I agree that the Court will take judicial knowledge that whiskey, properly so-called, is intoxicating, but I do not agree that a beverage commonly known as whiskey contains by weight as little as 3.2 per

cent. of alcohol. Whiskey or *spirituus frumenti* is defined by the United States Pharmacopoeia to be "An alcoholic liquid obtained by the distillation of the mash of fermented grain. The specific gravity should not be more than 0.930, nor less than 0.917 corresponding approximately to an alcoholic strength of 44 to 50 per cent. by weight, or 50 to 58 per cent. by volume."

The United States Pure Food and Drug Act of 1906 does not otherwise define it.

I am also of the opinion that the title of the Act under consideration is not broad enough to cover the subject dealt with in Section 13 of the Act.