State, ex rel. John Quincy Adams, v. W. W. Chase, as Sheriff of Polk County.

179 So. 419.
Division B.
Opinion Filed February 19, 1938.

*Willson & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell, John L. Graham* and *Tyrus A. Norwood,* Assistant Attorneys General, for the Respondent.

BROWN, J.—This case is before the Court upon the writ of habeas corpus issued out of this Court directed to the respondent, Sheriff of Polk County, Florida, and his return thereto showing that the petitioner (bearing the distinguished name of John Quincy Adams) is held in custody by virtue of a capias issued upon an information filed in the Criminal Court of Record in and for Polk County, Florida. The pertinent part of the information reads as follows:

"Manuel M. Grover, County Solicitor for the County of Polk, prosecuting for the State of Florida in the said County, under oath, information makes that J. Q. Adams of the County of Polk and State of Florida, on the 30th day of November in the year of our Lord, one thousand nine hundred and thirty-six, in the County and State aforesaid, did sell intoxicating liquor; which said county had voted against the sale of liquor; contrary to the form of the Statute in such case made and provided."

The first question raised by petitioner is:

"Does the information state an offense under the laws of the State of Florida?"

In the case of State, *ex rel.* Padgett, v. Windham, reported in 120 Fla. 206, 152 So. 501, this Court stated the well established rule that:

"Habeas corpus is not a remedy for relief against imprisonment under a warrant or other process that charges a criminal offense defectively or inartificially, even where the criminal charge, as stated, is wholly insufficient as against a demurrer or motion to quash interposed at the trial. Lewis v. Nelson, 62 Fla. 71, 56 So. 436; *Ex parte* Prince, 27 Fla. 196, 9 So. 650, 26 Am. St. Rep. 67; *In re* Robinson, 73 Fla. 1068, 75 So. 604, L. R. A. 1918 B, 1148; Griswold v. State, 77 Fla. 505, 82 So. 44; Spooner v. Curtis, 85 Fla. 408, 96 So. 836; Lehman v. Sawter, 106 Fla. 395, 143 So. 310. * * *

"Appellate courts are properly reluctant to strike down on habeas corpus proceedings defectively or inartificially pleaded criminal charges that, if properly and timely attacked in the trial court, would be therein subject to correction by way of the filing of a new and amended information or indictment. The exceptional cases wherein this Court has failed to strictly observe or enforce the above stated rule have been test cases wherein important points of law were presented to this Court by mutual consent of the parties, or at least without objection by the State's counsel to the form of proceedings adopted." See Martin v. Karel, 106 Fla. 363, 143 So. 317; Kirk v. Morrison, 108 Fla. 144, 146 So. 215, as examples.

It cannot be said that the information in this case wholly fails to charge a crime under the laws of this State. We might stop here, but as the questions have been briefed and argued by both sides, will go further and consider ques-

tions 2 and 3 raised by petitioner's brief, which are: Does Chapter 16774, Acts of 1935, create the offense sought to ,be charged in the indictment, and are the provisions of.this chapter applicable to counties which have voted against licensing of the sale of intoxicating liquors within the said county.

Chapter 16774, Acts of 1935 (referred to by petitioner as House Bill 496) is "An Act. *regulating* and taxing the · manufacture, distribution and *sale* of beverages containing more than one per centum of alcohol, creating and providing for a State Beverage Department, providing penalties for the violation of this Act and repealing existing laws concerning said beverages."

Section 13 of the Act provides:

"All liquors, wines and beers containing more than 3/2 per cent. of alcohol by weight shall be deemed and held to be intoxicating liquors, wines and beers. The sale of such intoxicating liquors, wines and beers in counties where their sale is prohibited shall be a violation of this Act. All persons convicted of such violation shall be punished as herein provided."

Section 15 of the Act reads in part as follows:

"Any person willfully and knowingly making any false entries in any records required under this Act or willfully violating any of the provisions of this Act concerning the excise tax herein provided for shall be guilty of a felony and shall upon conviction thereof, be punished by imprisonment in the State Penitentiary for a term of not less than one year nor more than five years or by fine of not more than $5,000.00, or by both such fine and imprisonment. *Any person violating any other provision of this Act shall be guilty of a misdemeanor and shall upon conviction be punished by imprisonment in the county jail for ·not more*

*than six months or by fine of not more than* $1,000.00, *or by both such fine and imprisonment."*

In the recent case of McLeod v. Sebring, 127 Fla. 441, 173 So. 153, this Court had before it for consideration the question of whether or not the provisions of Section 13 are within the purview of the title of the Act. Quoting from the opinion of Mr. Justice BUFORD in that case, it was said:

"And so it is, by the provisions of the Act, a violation of Section 13 is punishment by imprisonment in the County jail not more than six months or by fine not more than $1,000.00 or by both such fine and imprisonment."

"The Court takes judicial cognizance of a fact which is generally known, and therefore a matter of common knowledge, that whiskey is a distilled beverage containing more than 3.2 per cent. of alcohol by weight. * * *

"Section 5 of the Act provides for licenses to be issued authorizing beverages containing alcohol of more than 1 per cent. by weight and not more than 3.2 per cent. by weight in counties where the sale of intoxicating liquors, wines and beers is prohibited; and it also provides for license taxes applying to counties where the sale of intoxicating liquors is permitted regardless of the alcoholic content.

"So it appears to us clearly that Section 13 is a regulation allowing the sale of liquors containing not more than 3.2 of alcohol by weight, while prohibiting the sale of liquors for beverage purposes containing more than 3.2 per cent. of alcohol by weight. All this constitutes the regulation of the sale of beverages containing more than 1 per cent. of alcohol and, therefore, is clearly within the purview of the title of the Act."

We are of the opinion that Section 13 of this Act creates an offenses punishable under Section 15. These provisions of the statute are certainly applicable to counties

which in an election held have voted against the sale of intoxicating liquors. Therefore, the information does substantially charge an offense against the laws of Florida under Chapter 16774 of the Acts of 1935, Section 13.

So this particular John Quincy Adams must be remanded to the custody of the respondent Sheriff, and the writ quashed.

WHITFIELD, C. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.