[No. 9356. Department One. July 11, 1911.]

## THE STATE OF WASHINGTON, *Appellant*, v. L. C. HALL, *Respondent*.[1]

CRIMINAL LAW—APPEAL FROM JUSTICE COURT—DISMISSAL—FAILURE TO PROSECUTE. An appeal from a conviction in justice court should not be dismissed for lack of diligence in prosecuting the appeal for nearly a year, where it appears that defendant had no intention to abandon the appeal or hinder or delay the trial.

HIGHWAYS—USE—OFFENSES—SPEED OF AUTOMOBILE—COMPLAINT—SUFFICIENCY. A complaint in justice court charging that defendant, at M. in S. county, drove an automobile at a speed in excess of twenty miles an hour, frightening horses, and unlawfully refused to obey a signal to reduce the speed, is insufficient to charge a violation of Rem. & Bal. Code, § 2531, prohibiting unsafe or unreasonable speed upon a public road or street, or at any other place in excess of twenty-four miles an hour; since it does not charge excessive speed nor any place where twenty miles would be unlawful.

CRIMINAL LAW—APPEAL FROM JUSTICE COURT—ERRORS REVIEWABLE—SUFFICIENCY OF COMPLAINT. Upon appeal from a conviction in justice court, the prosecution must be dismissed if the complaint does not state a crime.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered September 6, 1910, dismissing a prosecution for a misdemeanor upon appeal from a conviction in a justice court, after sustaining a demurrer to the complaint. Affirmed.

*Ralph C. Bell* and *O. T. Webb*, for appellant.

DUNBAR, C. J.—The respondent was convicted in the justice court for the precinct of Marysville, county of Snohomish, state of Washington, on August 16, 1909, and fined in the sum of $20 and costs. From this conviction he took his appeal to the superior court of the state of Washington in and for the county of Snohomish. No further proceedings

[1]Reported in 116 Pac. 593.

were had in the cause until the 23d day July, 1910, when a
motion was filed by the appellant in the superior court for the
affirmance by that court of the judgment of guilty entered in
the justice court and the awarding of sentence against the
respondent for the offense in manner as if he had been con-
victed thereof in the superior court, on the ground that re-
spondent had failed to diligently prosecute his appeal.  Re-
spondent filed in his behalf an affidavit setting up the reasons
why the appeal had not been sooner prosecuted, and this af-
fidavit was replied to on behalf of appellant.  The court de-
nied the motion, and then proceeded to determine that the
complaint against the respondent did not state facts suffi-
cient to constitute a crime, a demurrer upon such ground
having been interposed in the justice court.  Judgment was
thereafter entered dismissing the cause, and this appeal has
been taken from the order of the superior court denying the
motion to award sentence against respondent and sustaining
the demurrer of respondent, and from the judgment of dis-
missal.

We do not think that the court erred in denying appel-
lant's motion to affirm the judgment of guilty entered in the
justice court for the reason that respondent had failed to
diligently prosecute his appeal; for conceding, without de-
ciding, that it was the respondent's duty, any more than it
was the duty of the state, to bring the cause to a hearing, the
affidavit filed satisfies us that there was no intention what-
ever on the part of the respondent to abandon the appeal or
to hinder or delay the trial of the cause.

The learned attorney for the state insists that, while the
information is crude, yet it sufficiently states a crime under
the laws.  The information, after the entitling of the cause,
is as follows:

"Donald McRae, being first duly sworn on oath says:
That at Marysville, in said Snohomish county, state of
Washington, on the 4th day of August, A. D. 1909, L. C.
Hall did commit a misdemeanor as follows: Then and there

being the said L. C. Hall, while having charge and control of an automobile, did approach a vehicle drawn by horses, in which a person was riding and the said L. C. Hall approached at a speed in excess of twenty miles an hour, and the horses attached to said vehicle became frightened and the occupant of said vehicle signaled to said L. C. Hall to reduce the speed of said automobile, and the said L. C. Hall unlawfully refused to obey said signal and failed and refused to reduce the speed of said automobile but continued at the aforesaid speed to within ten feet of said vehicle, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

The statute under which the information was evidently drawn is as follows:

"Every person who shall drive or operate, and every owner, lessee or other person in charge thereof who shall permit to be driven or operated, any automobile or motor vehicle . . . 4. Upon any public road, highway, park or parkway, street or avenue, at any unsafe or unreasonable rate of speed, having proper regard to the safety of any other person or persons using the same, shall be guilty of a misdemeanor." Rem. & Bal. Code, § 2531.

It will be observed that the respondent is not charged with driving the automobile at an unlawful speed upon any public road, highway, park, or parkway, street or avenue, but the information charges him only with so driving in Marysville, in Snohomish county, state of Washington. Subdivision 3, § 2531, Rem. & Bal. Code, provides that such person shall not drive his automobile at any other place than the place mentioned at a rate of speed faster than one mile in two and one-half minutes. This would be at the rate of twenty-four miles an hour. So that there is a place where the automobile could be driven at a faster rate of speed than the rate mentioned in the information, without violating the law. The place where this driving was done may have been in a private inclosure and, if so, the rate of twenty miles an hour would have been a lawful rate. It is true that pleadings in a justice court should be very liberally construed. At the same time there

must be a crime charged, and if the information shows on its face that the defendant might have done the thing or things charged in the information and yet have been guiltless of a crime, he ought not to be put upon his trial.

It is also contended by the appellant that the court had no authority to pass upon the demurrer, the demurrer having been presented in the justice court. But if, in the opinion of the court, the information did not state a crime or misdemeanor, it was his duty to quash it.

The judgment will be affirmed.

MOUNT, PARKER, FULLERTON, and GOSE, JJ., concur.