[Crim. No. 6721. In Bank. Nov. 7, 1960.]

In re the Application of CHARLES C. FINN on Behalf of GEORGE C. FINN for a Writ of Habeas Corpus.

George C. Finn, in pro. per., for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.

WHITE, J.—Charles C. Finn petitions for a writ of habeas corpus on behalf of his brother George C. Finn, claiming that George is illegally detained by the chief of police of the city of Los Angeles following George's convictions by a jury of three violations of the Vehicle Code.

George, hereinafter designated the defendant, was arrested by peace officers on May 19, 1958, and charged with violations of the Vehicle Code, sections 237, subdivision (a) (registration not properly displayed), 619 (one headlight out) and 621, subdivision (b) (no illumination of license plate). At the time of the arrest one of the arresting officers was driving a police vehicle which had no light illuminating its license plate, and another officer was driving a police vehicle which did not display a registration in the driver's compartment. The defendant thereupon asserted that he was making a citizen's arrest of those officers but was ignored both at the scene of the violations and at police headquarters where George was taken when he refused to sign the citations. (See Veh. Code, § 736.)

The defendant, upon arraignment, pleaded not guilty and demanded a jury trial as to each of the three counts. On four occasions the trial was continued on the defendant's motion, and on a fifth occasion he failed to appear and a new trial date was set. On April 16, 1959, eight months after the original trial date, the causes were assigned by the master calendar judge to Municipal Judge Byron J. Walters for trial notwithstanding the defendant's motion for yet a further continuance. It further appears that the defendant had subpoenaed, as his witnesses, the chief of police and four members of the police commission. The city attorney moved, before

the master calendar judge, that the subpoenas be quashed on the ground that the named persons had no personal knowledge of the matters relating to the violations. After argument, wherein the defendant sought to prove that such witnesses would establish that the sections of the Vehicle Code were discriminately applied as to him, the motion to quash was granted.

At the trial the prosecution called one of the arresting officers as its sole witness. The officer testified that he observed the defendant driving an automobile with but one headlight turned on, between sundown and sunup; that he stopped the automobile and observed further that the light illuminating the license plate at the rear of the vehicle was not lighted. He asked the defendant for the registration and the defendant was unable to produce it. The defendant testified in his own behalf, relating the circumstances of his arrest and his asserted arrest of the peace officers. On cross-examination he refused to answer questions relating to the lack of proper lighting and the display of registration on the automobile which he was driving, on the ground that his answers might tend to incriminate him. The evidence relating to his guilt of the violations charged was, therefore, uncontradicted.

Following the jury verdicts of guilty on each of the three counts, the defendant moved for an order in arrest of judgment and for a new trial. He argued, as grounds in support of his motions, that he had been denied the equal protection of the law in that the sections of the Vehicle Code relating to the lighting of vehicles had been applied discriminately as to him, and that he had not been permitted to subpoena witnesses. The motions were denied. Judge Walters sentenced the defendant to five days in the city jail on each of the three counts, the sentences to run consecutively. The defendant gave oral notice of appeal, and on May 8, 1959, within the statutory time, filed a notice of appeal. On May 13 he filed a proposed statement on appeal.

On January 15, 1960, a date regularly set for settlement of the statement on appeal after five continuances at the defendant's request, the court ordered the cause submitted, the defendant not then being in court, or represented. On February 9, 1960, the trial judge made the following order in open court: "Defendant having failed to present any semblance of a Statement of proceedings on Appeal except the document denominated 'Grounds of Appeal from Order Denying Motion in Arrest of Judgment and Motion for a New Trial; and from

the Judgment.' And it appearing that hearing on Settlement of Statement on Appeal was set for June 9, 1959 at 10:00 A.M. and on motion of Defendant for alleged good cause, said hearing was continued from time to time until January 15, 1960, and Defendant having failed to appear then or since, It is ordered that the record as it stands at this date be transmitted to the Appellate Department of the Superior Court.'' The defendant was not in court nor represented when this order was made.

It appears that the record, including the defendant's proposed statement on appeal, was then transmitted to the appellate department of the superior court without having been certified by the trial judge. On defendant's motion in the appellate department, an order was made on April 11, 1960, remanding the cause to the trial court for the reason that defendant's proffered statement on appeal did not bear the certification of the trial judge. In its order of remand, the appellate department suggested that the trial judge certify the statement, or in the alternative, order that certain allegedly ''scurrilous'' matter be stricken therefrom or that the whole statement be stricken, and that the defendant be given further time in which to prepare a new statement.

It appears from the clerk's minutes that thereafter, on May 5, 1960, in open court with a deputy city attorney and reporter present but in the absence of the defendant the court, deeming some of the grounds scurrilous, ordered the defendant's statement on appeal stricken from the record, and granted the defendant 10 days in which to file a proper proposed statement on appeal. A copy of the minute order was mailed to the defendant. The defendant filed a notice of appeal from that order (not, however, within rule time), but failed to file a new proposed statement in the time allowed, nor has he filed a proposed statement as to his purported appeal from the order of May 5 striking the original statement.

The so-called scurrilous matter consists of claims in the proposed statement on appeal that Judge Walters was dishonest. In support thereof the defendant cited *Wilson* v. *Walters*, 19 Cal.2d 111 [119 P.2d 340], and *Wilson* v. *Walters*, 66 Cal.App.2d 1 [151 P.2d 685], wherein it appears in the first cited case that Judge Walters, as a defendant in a civil suit, was charged with liability based on fraudulent representations.

The appellate department of the superior court, in a memorandum opinion dated July 25, 1960, noted that the original proposed statement on appeal set forth only the grounds of appeal without any record in support thereof, and that the court then had no record before it except the clerk's minutes. On that record it affirmed the judgment, dismissed the appeal from the order in arrest of judgment on the ground that the order was not appealable (*People* v. *Plywood Mfrs. of Calif.*, 137 Cal.App.2d Supp. 859, 871 [291 P.2d 587]), affirmed the order denying the motion for a new trial, and dismissed the appeal taken from the order of May 5 striking the proposed statement on appeal for the reason that the notice of appeal was not filed within rule time.

On August 3, 1960, the remittitur was returned and filed. The defendant was notified to appear on August 9, 1960, in satisfaction of judgment. The petition alleges that the defendant thereupon explained to Judge Walters' clerk that he was required to appear in a Los Angeles federal district court on August 9, and asked for a continuance. He was informed that Judge Walters would not consent to a continuance. The defendant and the petitioner appeared in the district court on August 9, and, acting pursuant to a bench warrant issued by the municipal court for the defendant's arrest, county marshals mistakenly arrested the petitioner, who was thereafter released. The following day, the petitioner alleges, in the corridor of the federal building while the defendant was talking to some newsmen, he was attacked from behind by four county marshals who manhandled him, injuring his knee, shackled him and carried him off. The petitioner claims that no warrant was served upon the defendant. Based on the foregoing allegations an order to show cause was issued directed to the chief of police of the city of Los Angeles, and the defendant ordered released on his own recognizance pending final determination of these proceedings.

The petitioner claims, among other things, that the defendant was denied the equal protection of the laws because the police officers were not arrested and prosecuted for similar claimed Vehicle Code offenses as charged against defendant. However, the prosecution of one guilty person while others equally guilty are not prosecuted is not a denial of equal protection of the laws. (*Yick Wo* v. *Hopkins,* 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220]; *People* v. *Oreck,* 74 Cal.App. 2d 215 [168 P.2d 186]; *People* v. *Sipper,* 61 Cal.App.2d Supp. 844 [142 P.2d 960].) Nor is the mere laxity in enforce-

ment of the laws by public officials a denial of equal protection. (*People* v. *Gordon*, 105 Cal.App.2d 711 [234 P.2d 287].)

The petitioner also claims that the quashing of defendant's subpoenas was improper. The defendant is entitled to compel the attendance of witnesses (Cal. Const., art. I, § 13; Pen. Code, § 686, subd. 3), but in the instant case he failed to show that the persons he subpoenaed could offer relevant testimony in his behalf. It is not claimed that they had personal knowledge of the matters relating to the charges. The defendant himself indicated that they could establish only that the sections of the Vehicle Code were discriminately enforced as to him (testimony manifestly incompetent, irrelevant and immaterial for the reasons heretofore stated), and, although invited by the court to set forth the specific nature of the testimony sought to be elicited from the witnesses in question, defendant failed to do so, nor is there any such showing in the petitions with which we are here concerned. Under the circumstances present in the instant proceeding, we are satisfied that the court did not err in quashing the subpoenas. Where the exclusion of evidence for the defense does not result in a miscarriage of justice, such rejections are not a ground for habeas corpus. (*In re Wells*, 35 Cal.2d 889, 894 [221 P.2d 947].)

 It is also contended that the imposition of the sentences constituted a denial of due process in that such severe penalties are not generally imposed for traffic violations of the nature here involved. The Vehicle Code provides for a maximum penalty of $50 fine or imprisonment of five days for first violations of sections 619 and 621 of the Vehicle Code (Veh. Code, § 762), and for a violation of section 237 a fine not exceeding $500 and imprisonment not exceeding six months. While the penalties imposed in the instant case may be more severe than usually imposed for similar violations, it may properly be considered that the defendant in this case sought and obtained a jury trial and then submitted no evidence relating to his guilt or innocence of the offenses charged. He sought and obtained numerous continuances and the matter was in litigation in the trial court for almost two years. He failed to appear on at least two occasions and warrants were issued for his arrest on those occasions. Thus, not only the penalties but also the circumstances justifying the penalties, are unusual in traffic violation cases. The record lends at least some support for the deputy city attorney's observation that the defendant "would rather heckle than be heard." In view

of the related circumstances it cannot be deemed an abuse of discretion that the defendant on two of the counts was sentenced to the maximum penalty allowed, and that the sentences were ordered to run consecutively.

 Nor do the circumstances of the defendant's arrest suggest grounds for relief. There is no direct allegation that the officers did not comply with the requirement of section 841 of the Penal Code that they "inform the person to be arrested of the . . . authority to make it." Section 842 of the Penal Code provides that if the person making the arrest is acting under the authority of a warrant he must show the warrant, if required. There is no allegation that the defendant demanded that the officers show a warrant. The fact that the defendant was in a federal building at the time of his arrest does not appear to entitle him to any privilege of exemption from arrest by local peace officers, nor does the petitioner suggest what privilege might be effective, although claiming as a bare conclusion that local process could not be served in a federal building. (See 5 Cal.Jur.2d, Arrest, § 2.)

 The petitioner next claims that the defendant was denied due process of law in that he was not given notice of a hearing on May 5, 1960, at which time, it appears in the clerk's minutes, the defendant's statement on appeal was stricken from the record. The record is mute as to whether the defendant was given notice of this hearing to settle or otherwise act on his statement. It is further claimed that the hearing was not in fact held, as reported in the minutes. The petitioner alleges that the court reporter and the deputy city attorney whose names appear in the clerk's minutes have advised the defendant that they were not present at the alleged hearing. Neither in the return to the order to show cause nor at the oral argument by the deputy city attorney was the veracity of the petitioner's claims in this regard denied. Because petitioner's claims aforesaid are not controverted by the record and were unchallenged at the oral argument, it would seem manifest that the conclusion is inevitable that there was in fact no hearing at which the defendant was afforded an opportunity to be present for the settlement of his statement on appeal.

An ex parte settlement of the record on appeal, and lack of notice thereof in the circumstances of this case, is a denial of due process of law. In this case the defendant's appeal was, to all intents and purposes, determined without notice to him and without opportunity to present his grounds for

appeal. In *Chessman* v. *Teets*, 354 U.S. 156, 162 [77 S.Ct. 1127, 1 L.Ed.2d 1253], it is said that ". . . we must hold that the ex parte settlement of this court record violated petitioner's constitutional rights to procedural due process. We think that the petitioner was entitled to be represented throughout those proceedings either in person or by counsel. (Citations.) All we hold is that consistently with procedural due process, California's affirmance of petitioner's conviction upon a seriously disputed record, whose accuracy petitioner has had no voice in determining, cannot be allowed to stand."

█ Aside from the question of notice and hearing it appears that the trial court might, at a proper hearing, have ordered the matters stricken from the statement which it deemed to be scurrilous. The defendant's attack on the trial judge's integrity, and his reference to the civil matters involved in the cases cited, were totally unconnected with the cause at bar. As such, the reference was incompetent and irrelevant, and could be deemed only a collateral and unrelated attack on the judge's character.

█ Since the petition herein reveals no invalidity in the adjudication of defendant's guilt and concerns only the proceedings affecting the filing, settling and certification of the defendant's statement on appeal and the proceedings subsequent thereto, the defendant is not entitled to be discharged from custody. The writ is granted, the return to the order to show cause shall stand as the return to the writ, and the defendant shall be afforded an opportunity to present to the trial court, within 20 days after the filing of this opinion, a proposed statement on appeal in the said municipal court case Number 70625. Upon the filing of such statement the trial judge shall certify the same or in lieu thereof hold a hearing, 10 days' notice of which shall be served on the parties, and at such a hearing the trial court shall proceed to settle such statement in accordance with the views herein expressed, and certify such settled statement to the Appellate Department of the Superior Court of Los Angeles County. Should defendant fail to file his proposed statement on appeal within the 20 days aforesaid then, without further order of this court, the appeal may be forthwith dismissed and the defendant remanded to the custody of the chief of police of the city of Los Angeles. Pending determination of the proceedings in the municipal court, and subject to such orders as that court may properly make in the exercise of its jurisdiction, defend-

ant is remanded to the processes of that court and to the constructive custody of its appropriate officers.

It is so ordered.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.

Petitioner's application for a rehearing was denied December 7, 1960.