[No. 2913-1.    Division One.    July 8, 1974.]

THE STATE OF WASHINGTON, *Appellant,* v. MICHAEL A. PIERCE *et al., Respondents.*

*Robert E. Schillberg, Prosecuting Attorney,* and *Jon M. Loreen, Deputy,* for appellant.

*Peterson, Bracelin, Creech & Young* and *William R. Creech,* for respondents.

*Arden J. Bedle, Snohomish County Public Defender,* amicus curiae.

CALLOW, J.—On November 9, 1973, the State Highway Commission acted to reduce the maximum speed limit on state highways from 70 m.p.h. to 50 m.p.h. These appeals, consolidated for argument and disposition, concern the validity of the action of the commission.

Each of the defendants was issued a citation after November 9, 1973, alleging that each was driving at a speed in excess of the 50 m.p.h. speed limit posted pursuant to the action of the commission. All of the violations occurred on limited access highways in Snohomish County. Before November 9, 1973, the speed limit at the location of each violation had been 70 m.p.h. Defendants Pierce, Weese, Moser and Nagel were all cited for speeds of approximately 60 m.p.h. The defendant DeLeo was cited for a speed of 71 m.p.h. in a zone posted at 50 m.p.h. The charges against the defendants Moser and Nagel were dismissed by the Superior Court. The defendants Pierce, Weese and DeLeo were tried in South District Court for Snohomish County, and this court granted certiorari consolidating those causes involving the issue into a single appeal.

The record includes a copy of the executive order of the

Governor dated November 8, 1973, and a transcript of the proceedings of the commission meeting held November 9, 1973. The executive order requested that the commission reduce the speed limit throughout the state to 50 m.p.h. in order to save "[h]undreds of thousands of barrels of oil annually . . ." The order noted that the State was faced with "substantial shortages of oil for domestic heating and transportation uses." The executive order did not allude to any factor other than the conservation of fuel as a basis for the request that the speed limit be lowered. In the testimony before the commission, there was an incidental reference that "as far as safety is concerned" the traffic engineers presumed there was a possibility of a reduction in the number of highway accidents; however, this reference also noted "the possibility of a slight increase perhaps in certain rear-end type of accidents but not significant; some reduction in total accidents." This was the sum of the testimony to the commission which pertained to safety and highway conditions. The minutes of the meeting reveal that the passage of the motion to reduce the speed limit to 50 m.p.h. was based upon the effort to conserve heating oil and gasoline.

The statutory provisions relevant to speeding restrictions are found in RCW 46.61.400-.425. The maximum statutory speed limit on a state highway is 60 m.p.h. unless the maximum has been increased by the commission. RCW 46.61.400. It is acknowledged that the commission had the power to increase the speed limit to 70 m.p.h. initially. The three sections of the statute read in pertinent part:

46.61.400 Basic rule and maximum limits. . . .
(2) Except when a special hazard exists that requires lower speed for compliance with subsection (1) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle on a highway at a speed in excess of such maximum limits.

. . .
(c) Sixty miles per hour on state highways.
The maximum speed limits set forth in this section

may be altered as authorized in RCW 46.61.405, 46.61.410, and 46.61.415.

46.61.405 Decreases by state highway commission. Whenever the state highway commission shall determine upon the basis of an engineering and traffic investigation that any maximum speed hereinbefore set forth is greater than is reasonable or safe under the conditions found to exist . . . upon any . . . part of the state highway system . . . said commission may determine and declare a lower reasonable and safe maximum limit thereat, which shall be effective when appropriate signs giving notice thereof are erected. Such a maximum speed limit may be declared to be effective at all times or at such times as are indicated upon the said signs; and differing limits may be established for different times of day, different types of vehicles, varying weather conditions, and other factors bearing on safe speeds, . . .

46.61.410 Increases by state highway commission—Maximum speed limit for trucks—Auto stages—Signs and notices. . . . the state highway commission may increase the maximum speed limit on any highway or portion thereof to not more than seventy miles per hour whenever said commission determines upon the basis of an engineering and traffic investigation that such greater speed is reasonable and safe under the circumstances existing on such part of the highway.

■ Under RCW 46.61.405, the commission may reduce the maximum speed limit when it determines on the basis of an engineering and traffic investigation that the limit is greater than is reasonable or safe under the existing highway conditions. There is no showing in this instance that any "engineering and traffic investigation" was conducted as a basis for the action of the commission or, if it was, that the results were before the commission at their meeting. Further, there is no showing that the decision was made to reduce the speed limit because the maximum speed previously set by the commission was unsafe. An administrative agency is limited in its operation to those powers granted by the legislature. *Cole v. Util. & Transp. Comm'n,* 79 Wn.2d 302, 485 P.2d 71 (1971); *State ex rel. PUD 1 v. Department of Pub. Serv.,* 21 Wn.2d 201, 150 P.2d 709 (1944).

Administrative agencies are creatures of the legislature without inherent or common-law powers and may exercise only those powers conferred either expressly or by necessary implication. *State ex rel. PUD 1 v. Department of Pub. Serv., supra; Northern Pac. Ry. v. Denney,* 155 Wash. 544, 285 P. 452 (1930); *Wishkah Boom Co. v. Greenwood Timber Co.,* 88 Wash. 568, 153 P. 367 (1915). A delegation of power to a state highway commission permits the exercise of authority only within the express grant. *State Highway Comm'n v. Riley,* 192 Cal. 97, 218 P. 579 (1923); *Morton County v. Hughes Elec. Co.,* 53 N.D. 742, 208 N.W. 108 (1926). *See also* 7 Am. Jur. 2d *Automobiles and Highway Traffic* § 182 (1963) and cases cited therein.

██ As stated in *State v. Miles,* 5 Wn.2d 322, 326, 105 P.2d 51 (1940):

> When a situation involves a prosecution for the alleged violation of an administrative order, it calls for a scrutiny of such order with especial care, and in such instances, more so than in other cases, it must clearly appear that the order is one which falls within the scope of the authority conferred.

Further, a speeding violation constitutes a criminal offense, and the statutes forming the basis of a criminal charge are to be construed strictly against the State. *Spokane v. Vaux,* 83 Wn.2d 126, 516 P.2d 209 (1973); *Seattle v. Green,* 51 Wn.2d 871, 322 P.2d 842 (1958); *State v. Hall,* 64 Wash. 99, 116 P. 593 (1911). The setting of speed limits was a function of the legislature except as delegated to the commission. The attempted exercise of legislative power by the commission was not within its delegated authority and, therefore, was void.

The State contends that if the attempted reduction of the speed limit to 50 m.p.h. was invalid then the speed limit would be 60 m.p.h. under the maximum allowed by RCW 46.61.400. It is conceded that the valid speed limit on state highways prior to the commission meeting was 70 m.p.h. Since the action of the commission at their meeting to

582.

reduce the speed limit to 50 m.p.h. was void, the action had no effect and the speed limit remained at 70 m.p.h.

The defendant DeLeo was cited for driving 71 m.p.h. in a 50 m.p.h. zone. The District Court took judicial notice that "the Washington State Patrol has never, and does not, issue citations for exceeding the speed limit by one (1) mile per hour." It is not a defense to a criminal charge that a criminal statute has not been strictly enforced or that all those committing offenses have not been prosecuted. *United States v. Rickenbacker,* 309 F.2d 462 (2d Cir. 1962); *In re Finn,* 54 Cal. 2d 807, 356 P.2d 685, 8 Cal. Rptr. 741 (1960); 1 F. Wharton, *Criminal Law & Procedure* §§ 128-29 (R. Anderson 1957). Whether the District Court did or did not take judicial notice of the enforcement practices of the state patrol is not relevant. The prior failure of police officers to demand strict compliance with the law or a previous practice of forebearing prosecution of certain violations is not a defense to a criminal charge.

The dismissal of the defendants Pierce, Weese, Moser and Nagel is affirmed, and the dismissal of the charge against the defendant DeLeo is reversed and that cause is remanded for further proceedings not inconsistent with this opinion.

SWANSON, C.J., and FARRIS, J., concur.