PEOPLE v SAYIG

CRIMINAL LAW—GUILTY PLEA—COURT RULES—WITNESSES—RIGHT TO
  COMPULSORY PROCESS—WAIVER.

  Strict adherence to the requirements of a court rule governing
  the acceptance of guilty pleas is mandatory and neither sub-
  stantial compliance nor the absence of prejudicial error will be
  deemed sufficient; therefore, a guilty plea will be set aside
  where the trial court did not specifically tell the defendant at
  the plea proceedings that by pleading guilty he was waiving his
  right to have compulsory process for obtaining witnesses in his
  favor (GCR 1963, 785.7[1][d][iii], 785.7[5]).

Appeal from Wayne, Richard M. Maher, J. Sub-
mitted Division 1 November 7, 1974, at Detroit.
(Docket No. 19774.) Decided January 9, 1975.

Ricky Sayig was convicted, on his plea of guilty,
of an attempted breaking and entering with intent
to commit larceny. Defendant appeals. Reversed
and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Arthur N. Bishop,* Assistant Prosecuting Attorney,
for the people.

*Solomon & Stern,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 487, 492–494.
Court's duty to advise or admonish accused as to consequences of
  plea of guilty, or to determine that he is advised thereof. 97
  ALR2d 549.

Before: J. H. GILLIS, P. J., and ALLEN and PETERSON,* JJ.

ALLEN, J. Originally charged with breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, defendant pled guilty on January 21, 1974, to attempting to commit that particular act. MCLA 750.92; MSA 28.287. On February 11, 1974, defendant was sentenced to three to five years in prison. He appeals, arguing that the trial court's failure to inform defendant of his right to have compulsory process issued for witnesses on his behalf requires that his guilty plea be reversed.

Although the plea proceedings were otherwise quite proper, at no point did the trial court specifically tell defendant that by pleading guilty he was waiving his right "to have compulsory process for obtaining witnesses in his favor". GCR 1963, 785.7(1)(d)(iii). As recently indicated by the Michigan Supreme Court in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974):

"The bench and bar are hereby advised that strict adherence to those requirements is mandatory and that neither substantial compliance nor the absence of prejudicial error will be deemed sufficient. GCR 1963, 785.7(5)."

Pursuant to that mandate, we must agree with defendant.

Reversed and remanded.

All concurred.

* Circuit judge, sitting on the Court of Appeals by assignment.