Dear Superintendent Fisher,
The Attorney General has received your letter wherein you request our opinion on the following question:
"Can a Textbook Contract between the State of Oklahoma and a PublishingCompany be reduced or extended when mutually agreed to by both parties?"
As you have noted in your opinion request, since 1971, the Legislature has increased the maximum term of a textbook purchase contract from four to five years for textbooks purchased by the State Textbook Committee. The amendment is reflected in 70 O.S. 16-102 (1976) which states as follows:
. . . Not later than the first day of December of each year the State Textbook Committee shall meet at the call of the chairman at the State Capitol and select textbooks for subjects taught in the public schools of the state up to and including the twelfth grade, which selections shall be for not more than five (5) years for every textbook except the basic textbooks for essential curriculum courses so designated by the State Department of Education which shall only be certified for four (4) years. Said Committee shall select ten textbooks or series of books for each subject, but if there are not ten books satisfactory to the Committee, then it may select only such books as are in its judgment satisfactory for such subject.
In enacting the above statute, it is evident that the Legislature intended to place a specific maximum limitation on the duration of contracts entered into by the Committee for the purchase of textbooks. However, the Legislature has not, in this particular provision, authorized nor even addressed the possibility of the term of such a contract being reduced or extended once entered into.
Furthermore, a careful examination of the remaining sections em bodied in Article XVI of Title 70 dealing with textbook purchases reveals an absence of any express statutory authority empowering the parties to a textbook contract to reduce or extend the duration of an existing agreement. Of particular significance is 70 O.S. 16-106 (1976) wherein the Legislature has enumerated in great detail various provisions and stipulations that must appear in every contract between the Committee and a publishing company. Although this section provides for reduction of the contract price in certain instances, there is no authorization therein, express or implied, for reducing or extending a previously accepted contract.
Having these facts in mind, reference must be made to the long standing rule that an administrative entity of state government created by statute is a creature of the legislature without inherent or common law powers and thus may exercise only those powers conferred by statute. See State v. Pierce, 11 Wn. App. 577, 523 P.2d 1201 (1974). In Boydston v. State, Okla., 277 P.2d 138 (1954), the Oklahoma Supreme Court stated in the Syllabus to its opinion as follows:
 Generally, when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute, which may not be enlarged by the board itself.
See also Adams v. Professional Practices Commission, Okla., 524 P.2d 932
(1974).
Additionally, it is important to note that the only reference to a reduction or extension of a textbook contract made in Article XVI of Title 70 is found in 70 O.S. 16-120 (1971) which states:
 All legally executed contracts and extensions thereof now existing between any person, firm or corporation and the State of Oklahoma for furnishing textbooks on the basis of an exclusive adoption shall remain in full force and effect until such contract or extension thereof has expired, and the State Board of Education shall purchase and distribute such textbooks. (Emphasis added) .
However, the plain language of the above provision indicates that the scope thereof is limited to contracts that were in existence at the time the current textbook purchasing act was passed in 1971. Therefore, the section is clearly inapplicable to contracts entered into subsequent to 1971 which are the subject of the present inquiry.
Accordingly, in light of the foregoing, it is the opinion of the Attorney General that your question should be answered as follows:
The duration of presently existing contracts to purchase textbooksentered into between the State Textbook Committee and a publishingcompany cannot be reduced or extended.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
BRENT S. HAYNIE, ASSISTANT ATTORNEY GENERAL