Opinion
RICKARD, J.
Appellant was convicted of misdemeanor drunk driving (Veh. Code, § 23102, subd. (a)). His motion to strike a 1976 prior conviction for the same offense was denied. The court found the 1976 conviction was valid. Appellant then entered a guilty plea to the new offense. He has appealed, challenging the constitutionality of the 1976 prior. The appeal lies. (People v. Allheim (1975) 48 Cal.App.3d Supp. 1, 6 [121 Cal.Rptr. 448].)
Facts
Before appellant entered his plea to the 1976 offense, he was advised of and waived his right to counsel, to confrontation, to a jury trial, and his privilege against self-incrimination. He was also advised of the maximum and minimum penalties and the consequences of the plea.
The municipal court docket contains a space where the clerk could record a waiver of defendant’s right to subpena witnesses. However, Judge Gowans neglected to advise appellant of this right or to elicit a waiver of this right. Appellant contends that this defect invalidates his prior conviction.
Issue
Under article I, section 15, of the California Constitution, the defendant in a criminal cause has the right to compel attendance of witnesses in the defendant’s behalf. (See also Pen. Code, § 686, subd. 3.) A similar provision of the Sixth Amendment to the United States Constitution has been held to be an element of due process of law guaranteed by the Fourteenth Amendment. (Washington v. Texas (1967) 388 U.S. 14, 19 [18 L.Ed.2d 1019, 1023, 87 S.Ct. 1920]. See also Faretta v. *Supp. 20 California (1975) 422 U.S. 806, 818 [45 L.Ed.2d 562, 572, 95 S.Ct. 2525].) The question presented is whether a misdemeanor drunk driving conviction can be collaterally attacked on the ground that the accused was not advised of, and failed to waive, that constitutional right.
Discussion
I
Since 1973, a misdemeanor conviction, predicated upon a guilty plea, is invalid unless the record explicitly reveals that before the plea was entered, the defendant was made aware of his privilege against self-incrimination, his right to confrontation, and his right to a jury trial, and that he knowingly and intelligently waived each of those rights. (Mills v. Municipal Court (1975) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].)
Of course, a defendant charged with a misdemeanor has the constitutional right to counsel (In re Smiley (1967) 66 Cal.2d 606, 614-615 [58 Cal.Rptr. 579, 427 P.2d 179]) and the record must now demonstrate that an unrepresented defendant was advised of and waived his right to counsel. (In re Birch (1973) 10 Cal.3d 314, 319-321 [110 Cal.Rptr. 212, 515 P.2d 12]; Stewart v. Justice Court (1977) 74 Cal.App.3d 607, 610 [141 Cal.Rptr. 589]. Cf. Still v. Justice Court (1971) 19 Cal.App.3d 815 [97 Cal.Rptr. 213].)
When a challenge is made to a prior misdemeanor drunk driving conviction, the defendant need only show that the record fails to show an advisement and express waiver of the rights necessarily surrendered by a guilty plea. (People v. Municipal Court (Byers)* (Cal.App.); Youkhanna v. Municipal Court (1978) 86 Cal.App.3d 612 [150 Cal.Rptr. 380]; Stewart v. Justice Court, supra, 74 Cal.App.3d 607.)
The record in the present case discloses that appellant did waive his right to counsel, to a jury trial, to confrontation, and his privilege against self-incrimination. In accordance with rules promulgated by our Supreme Court (see Bunnell v. Superior Court (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086], appellant was also *Supp. 21 advised of the direct consequences of his plea.[1] Nevertheless, appellant urges that his 1976 conviction must be declared invalid because he was not advised of his right to compulsory process guaranteed by both the state and federal Constitutions.
II
Appellant candidly concedes that he has found no authority supporting his contention. Our independent research discloses one case supporting the People. In re Guilty Plea Cases (1975) 395 Mich. 96 [235 N.W.2d 132, 140-143 (20)], the court noted that pursuant to a Michigan rule of court, defendants entering a guilty plea must be advised of several rights, including the right to question and confront witnesses and to have compulsory process for obtaining witnesses in their favor. The court ruled that where a defendant was not advised of his right to compulsory process, but was advised of the other rights in such a manner so it could be reasonably concluded that the defendant was giving up a right to a trial and the rights associated with a trial, the omission of advice concerning compulsory process did not require reversal.[2]
In Mills v. Municipal Court, supra, 10 Cal.3d 288, 305, our Supreme Court held that the written change of plea form, attached to the opinion, supplemented by the in-court colloquy with defendant’s counsel, constituted a fully adequate “on-the-record showing that the defendant was both aware of all his relevant constitutional rights and knowingly, voluntarily, and personally waived them.” Significantly, this form does advise a defendant of several rights, including “the right to have witnesses subpoenaed to testify on his behalf and to obtain all evidence which might exonerate defendant.” The form also provides for a waiver of each of those rights (id. at p. 312).
*Supp. 22 We do not believe that the Mills court passed upon the issue before us. In determining whether this additional requirement should be imposed, we feel it is appropriate to consider the widely used California Superior Court Criminal Trial Judge’s Benchbook (Benchbook). (See Bunnell v. Superior Court, supra, 13 Cal.3d 592, 605, fn. 6.) The Benchbook suggests that when a defendant changes his plea to guilty or nolo contendere, he is asked whether he understands that he has an absolute right to the process of the court to compel the attendance of witnesses on his behalf. However, while the defendant is asked to give up his right to confrontation, he is not asked whether he waives his right to compulsory process. (Keene, Cal. Criminal Trial Judge’s Benchbook (1979 ed.) pp. 279-284.)[3]
Indeed, while our Supreme Court required trial courts to elicit a waiver of three constitutional rights (Boykin v. Alabama (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]), to our knowledge, no federal court has ever required a trial court to elicit a waiver of the right to compulsory process. Significantly, while the current version of rule 11 of the Federal Rules of Criminal Procedure require a federal judge to admonish the accused that he has a right to plead not guilty, a right to a jury trial, to the assistance of counsel, the right to confront and cross-examine the witnesses against him, and the right not to be compelled to incriminate himself, and that if he pleads guilty, no trial will occur, this rule makes no reference to the right to compulsory process.
When a defendant enters a guilty plea, it is obvious that he waives certain rights in addition to the right to a jury trial, to confrontation, and his privilege against self-incrimination. For instance, he also gives up his right to compulsory process, to a speedy trial, and his right to compel the state to prove his guilt beyond a reasonable doubt. He also gives up a myriad of other rights, such as the right to make potentially meritorious objections to the receipt of evidence, the right to move for acquittal, and the right to certain favorable instructions, such as those pertaining to circumstantial evidence, accomplice testimony, and lesser included offenses. Yet, courts have said, with rhythmic regularity, that the trial courts must elicit waivers concerning the three constitutional rights necessarily surrendered by a guilty plea. (See, e.g., In re Tahl (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449]; People v. Rizer (1971) 5 Cal.3d 35, 38, 42 [95 Cal.Rptr. 23, 484 P.2d 1367]; People v. Kirkpatrick (1972) 7 Cal.3d 480, 482 [102 Cal.Rptr. 744, 498 P.2d 992]; Mills v.
*Supp. 23 Municipal Court, supra, 10 Cal.3d 288(1); In re Yurko (1974) 10 Cal.3d 857, 863, fn. 5 [112 Cal.Rptr. 513, 519 P.2d 516]; People v. Tabucchi (1976) 64 Cal.App.3d 133, 142 [134 Cal.Rptr. 245]; Stewart v. Justice Court, supra, 74 Cal.App.3d 607, 612; People v. Pimentel (1979) 89 Cal.App.3d 581, 587 [152 Cal.Rptr. 519].) No court has intimated that the colloquy must include a waiver of the right to subpoena witnesses.[4]
III
Appellant is really asking this court to blaze a new trail and to hold, as a matter of constitutional law, that a guilty plea is invalid unless it is accompanied by a waiver of the right to compulsory process. We find several cogent reasons for declining to do so.
First, in the last few years, courts have accepted countless pleas upon the assumption that the plea is valid if accompanied by an express waiver of the right to confrontation, a jury trial, the privilege against self-incrimination, and counsel (where appropriate), and a showing that the accused was aware of the direct consequences arising from the entry of the plea. To allow a collateral attack upon this new theory would have a dolorous effect upon the administration of justice.
Second, while decisions such as In re Tahl, supra, and Mills v. Municipal Court, supra, have required reviewing courts to meticulously review the record to ascertain if the three enumerated rights were expressly waived, we should not lose sight of the fact that this litany was developed to facilitate a determination by the trial judge that the plea was free and voluntary and made by a person who had a full understanding of what the plea connotes and of its consequences. (See McCarthy v. United States (1969) 394 U.S. 459, 466-467 [22 L.Ed.2d 418, 425, 426, 89 S.Ct. 1166]; Boykin v. Alabama, supra, 395 U.S. 238, 242-244 [23 L.Ed.2d 274, 279-280].) We are by no means confident that the suggested expansion of the Boykin-Tahl litany is necessary to insure that the trial judge can make that determination. It is more likely that such an expansion would simply consume more precious court time. That time would be better invested in spending more time with a defendant who actually demonstrates ignorance or confusion concerning his rights, the nature of the proceedings, or the consequences of his plea. (Cf. People v. Wheeler (1968) 260 Cal.App.2d 522 [67 Cal.Rptr. 246].)
*Supp. 24 Third, realistically, the right to employ compulsory process is an ancillary constitutional right designed to protect an accused who desires to present defense witnesses at trial. A person who elects to forego his right to a trial necessarily has given up his right to subpoena witnesses.
Indeed, the present case illustrates the illusory nature of defendant’s argument. In a typical drunk driving case, the blood-alcohol level of the accused is of paramount concern in light of the statutory presumption set forth in Vehicle Code section 23126. In the event there is a trial, the principal task of defense counsel is to attack the prosecution’s case through the medium of cross-examination (see 2 Erwin, Defense of Drunk Driving Cases (3d ed. 1977)) and it is highly unlikely that the subpoena power of the court would be used to secure alibi witnesses. While appellant tells us he has surrendered an important right, he fails to tell us who he would have subpoenaed or how their testimony would have been relevant or tended to exonerate him. How, then, can he claim prejudice? (See In re Finn (1960) 54 Cal.2d 807, 813 [8 Cal.Rptr. 741, 356 P.2d 685].)
IV
We recognize, of course, that it may well be very desirable to have the trial judge explain to the accused that he has a right to a speedy trial, to testify if he wishes, and to employ the compulsory process of the court to secure the presence of defense witnesses. Indeed, the written waiver form, presently in use by the municipal court, does make specific reference to the right to a speedy trial and the right to subpoena witnesses.
However, desirability cannot be equated with constitutionality. (Ganyo v. Municipal Court, supra, 80 Cal.App.3d, 522, 531.) For the reasons previously stated, we hold that a prior misdemeanor drunk driving conviction is not subject to collateral attack merely because the record fails to show that the defendant was advised of his right to compulsory process, or that he waived that right.
Disposition
The order on probation is affirmed.
Appellant Thomas Vincent Wright is directed to be present in the Municipal Court for the Santa Barbara-Goleta Judicial District of Santa *Supp. 25 Barbara County on September 11, 1979, at 8:30 a.m., in the department of the judge then assigned to hear the criminal calendar. At that time, the conditions imposed in the order on probation can be enforced.
Jensen, J., and Stevens, J.,* concurred.

Reporter’s Note: Deleted on direction of Supreme Court by order dated March 22, 1979.

 While it is preferable to advise a defendant what might happen if he were again convicted of the same offense within five years, a reviewing court will not annul a conviction merely because such advice was not given. (Hartman v. Municipal Court (1973) 35 Cal.App.3d 891, 893 [111 Cal.Rptr. 126]; Ganyo v. Municipal Court (1978) 80 Cal.App.3d 522, 527, fn. 1 [145 Cal.Rptr. 636].) Even where the record fails to reveal whether defendant was advised of the direct penal consequences of his plea, a collateral attack will not succeed unless the appellant shows that he was unaware of the consequences and would not have entered a plea of guilty had he known the truth. (In re Ronald E. (1977) 19 Cal.3d 315, 322-323 and fn. 3, 325-326 and fn. 8 [137 Cal.Rptr. 781, 562 P.2d 684]; People v. Wagoner (1979) 89 Cal.App.3d 605, 611-612 [152 Cal.Rptr. 639].) See also United States v. Timmreck (1979) 441 U.S. 780 [60 L.Ed.2d 634, 99 S.Ct. 2085].)

 The Michigan Supreme Court apparently overruled, sub silentio, an appellate decision to the contrary, filed several months earlier in People v. Sayig (1975) 57 Mich.App. 602 [226 N.W.2d 579].

 The colloquy suggested for cases in which the matter is to be submitted on the transcript of the preliminary hearing includes a waiver of the right to confrontation. He is not told that he has the right to subpena witnesses (presumably on the theory that he has been so advised at some prior hearing). (See Benchbook, supra, pp. 267-270.)

 Appellant’s reliance upon section 13(b) of the Standards of Judicial Administration Recommended by the Judicial Council is misplaced. That rule does not specifically require that a defendant pleading guilty to misdemeanor drunk driving expressly waive his right to compulsory process.

Assigned by the Chairperson of the Judicial Council.