Dear Inspector Padgett,
The Attorney General has received your letter wherein you ask, in effect, the following question:
Does the Department of Mines have authority to enter into an indemnityagreement in favor of a bank or other savings institution agreeingtherein to indemnify such institution for any expenses, court costs,legal fees, or other losses that might arise out of the issuance ornegotiation of a replacement certificate of deposit or the originalcertificate of deposit if it were misplaced?
In considering this question, it is apparent that any agreement wherein the Department of Mines agrees to indemnify a private person or entity for monetary loss or expense suffered by the latter would result in the credit of the State of Oklahoma being pledged by the Department to such private party. Any such agreement would therefore be in violation of Okla. Const. Article X, Section 15, which provides that "the credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State . . ."
In addition, a careful examination of the Mining Lands Reclamation Act (45 O.S. 721[45-721] et seq. (1971)) does not reveal any legislative authority, either express or implied, for the Department or the Chief Mine Inspector to enter into an indemnification agreement in conjunction with the bond or other security required under the Act. Furthermore, there is no statutory authorization, express or implied, anywhere in Title 45 of the Oklahoma Statutes which would allow the Department or any official thereof to subject the State to this type of contingent liability. This being the case, reference must be made to the long-standing rule that an administrative department of state government authorized to act by statute is a creature of the Legislature without inherent or common law powers and thus may exercise only those powers conferred by statute. See State v. Pierce, 11 Wn. App. 577, 523 P.2d 1201
(1974). In Boydston v. State, Okla., 277 P.2d 138 (1954), the Oklahoma Supreme Court stated in the Syllabus to its opinion as follows:
 "Generally, when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute, which may not be enlarged by the board itself."
 Accordingly, it is the opinion of the Attorney General that yourquestion should be answered in the negative as follows:
 The Department of Mines has no authority to enter into anindemnification agreement whereby the Department agrees to indemnify abank or other savings institution for any expenses, liability, or otherlosses suffered by such institution arising as a result of the issuanceor negotiation of a replacement certificate of deposit or an originalcertificate of deposit.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
BRENT S. HAYNIE, ASSISTANT ATTORNEY GENERAL